ROMANKEWIZ *v.* BLACK

1. AUTOMOBILES—SEAT BELTS—STATUTE.

Statute requiring that all private passenger vehicles manufactured and offered for sale after January 1, 1965 shall be equipped with safety belts for the driver and one other front seat passenger imposes no sanction for the failure to use a seat belt (MCLA § 257.710b).

2. AUTOMOBILES—SAFETY DEVICES—NON-USE.

The fact that there are a number of safety devices for the protection of automobile passengers, the use of which is not required by statute, indicates that the non-use of these devices was not intended to be punished or prohibited.

3. AUTOMOBILES—SEAT BELT—FAILURE TO USE—CONTRIBUTORY NEGLIGENCE.

Plaintiff automobile passenger was under no duty to wear a seat belt available in the automobile and failure to use the seat belt was not such negligence as to contribute to the cause of a collision with another vehicle.

4. AUTOMOBILES — NEGLIGENCE — AVOIDABLE CONSEQUENCES — MITIGATION OF DAMAGES.

Failure of plaintiff injured in automobile collision to use a seat belt *held* not a breach of duty to avoid consequences of, or to minimize damages caused by, defendant's negligence where there never arose a duty of plaintiff to make use of the seat belt.

5. AUTOMOBILES—SEAT BELTS—REQUIRED USE.

It is for the legislature to prescribe any required use of seat belts by automobile drivers.

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 8 Am Jur 2d, Automobiles and Highway Traffic § 533.1 [Supp]. Automobile occupant's failure to use seat belt as contributory negligence. 15 ALR3d 1428.

Appeal on leave granted from Ingham, Louis E. Coash, J. Submitted Division 2 January 14, 1969, at Detroit. (Docket No. 4,969.) Decided February 25, 1969.

Complaint by Betty Jean Romankewiz, for herself and as next friend of Robert E. Morrow, against Ernest L. Black and Gearold E. Black for personal injuries sustained by Robert Morrow in an automobile collision. Motion of plaintiff for partial summary judgment seeking to strike affirmative defense denied. Plaintiff appeals on leave granted. Reversed and remanded.

*Sinas, Dramis, Brake & Turner (Barry D. Boughton, of counsel), for plaintiff.*

*Fraser, Trebilcock, Davis & Foster (Robert W. Townsend, of counsel), for defendants.*

BEFORE: FITZGERALD, P. J., and R. B. BURNS and BRONSON, JJ.

FITZGERALD, P. J. Robert E. Morrow, a minor, was a passenger in a car driven in Lansing by James Harbenski on March 26, 1966, when it was struck from the right by a car owned by defendant Ernest L. Black and driven by Gearold E. Black. Morrow was injured. The present suit was started to recover for those injuries. Defendants answered, denying negligence and alleging that the proximate cause of the collision was the negligence of driver Harbenski. Later, an amended answer was filed, setting forth as an affirmative defense that Morrow was guilty of contributory negligence in failing to use an available seat belt which was installed in the car, and that in the event of an accident the use of

a seat belt would have, or may have, prevented or mitigated any injury.

Plaintiff filed a motion for partial summary judgment,[1] seeking to strike the affirmative defense. A hearing was held, and an order was entered denying the motion. This appeal on leave granted followed.

Plaintiff's motion for partial summary judgment was based upon her assertion that (1) Morrow had no duty to wear a seat belt, (2) failure to wear a seat belt is not an assumption of risk which would bar recovery, and (3) evidence of failure to wear a seat belt is not admissible for mitigation of damages. She points out that, while a recent statute, MCLA § 257.710b (Stat Ann 1968 Rev § 9.2410[2]), requires that automobiles manufactured after January 1, 1965, shall be equipped with seat belts, there is no statute imposing a duty upon anyone to use seat belts. Neither is there an ordinance imposing such a duty in Lansing. She also points out that Morrow's common-law duty to use ordinary care for his own safety does not include a duty to wear seat belts. "He need not truss himself up in every known safety apparatus before venturing onto the highway," is the way she puts it.

Plaintiff cites and discusses recent cases dealing with seat belts from several jurisdictions. "Of the cases decided in other jurisdictions dealing with the seat belt problem, the weight of authority is decidedly against the admission of such evidence," she states.

Perhaps no subject has had so many legal and medical journal articles written about it[2] with so few cases to make up the body of law in relation to it as the so-called "seat-belt defense". The paucity of

---

[1] GCR 1963, 117.2(2).

[2] For an extensive bibliography, see "The Seat Belt Defense", published by The Defense Research Institute, Inc., Milwaukee, Wisconsin.

decided cases leads to the conclusion that the issue
is either rarely raised, in light of the huge volume
of automobile negligence cases, or if raised, is rarely
appealed. Suffice it to say, it is new to Michigan
appellate jurisdictions.

To bring into the spotlight the litigation reported,
we present this list of cases representing the more
significant decisions in the area:

### Cases Rejecting for Varied Reasons the So-Called "Seat-Belt Defense"

1. *Barry* v. *Coca-Cola Co.* (1967), 99 NJ Super
270 (239 A2d 273), motion to strike seat-belt defense
at close of case granted, based on evidence.

2. *Brown* v. *Kendrick* (Fla, 1966), 192 So 2d 49,
plaintiff's motion to strike the seat-belt defense
granted.

3. *Cierpisz* v. *Singleton* (1967), 247 Md 215 (230
A2d 629), affirming trial judge who refused to charge
jury that failure to use seat belt constituted con-
tributory negligence.

4. *Dillion* v. *Humphreys* (1968), 56 Misc 2d 211
(288 NYS2d 14), summary judgment for plaintiff
passenger in head-on collision where defendant
crossed center line and plaintiff failed to use seat
belt.

5. *Kavanagh* v. *Butorac* (1966), 140 Ind App 139
(221 NE2d 824), defendants claimed that failure to
wear seat belts was contributory negligence as a
matter of law; the argument was rejected, based
on the evidence.

6. *Lipscomb* v. *Diamiani* (1967), — Del — (226
A2d 914), defendant's motion to add defense of
failure to wear a seat belt denied.

7. *Miller* v. *Miller* (1968), 273 NC 228 (160 SE2d
65), motion to strike the seat-belt defense from
defendant's answer was granted.

8. *Robinson* v. *Bone* (Ore, 1968), 285 F Supp 423, failure to use seat belt does not, under Oregon law, constitute contributory negligence, nor does it mitigate damages.

9. *Tom Brown Drilling Co.* v. *Nieman* (Tex Civ App, 1967), 418 SW2d 337, affirming trial judge who refused to submit issue of failure to wear seat belt to jury, based on evidence.

### Cases Directly or Inferentially Approving the "Seat-Belt Defense"

1. *Bentzler* v. *Braun* (1967), 34 Wis 2d 362 (149 NW2d 626), held failure to wear seat belt could be contributory negligence, although not negligence *per se*. Defense was rejected in this case because proofs failed to show causal connection.

2. *Husted* v. *Refuse Removal Service* (1967) 26 Conn Supp 494 (227 A2d 433), demurrer to special defense overruled and allowed submitted.

3. *Mortensen* v. *So. Pacific Co.* (1966), 245 Cal App 2d 241 (53 Cal Rptr 851), FELA case; held jury question as to whether defendant employer's *failure to provide seat belts* in pickup truck amounted to negligence, safe place to work doctrine.

4. *Mount* v. *McClellan* (1968), 91 Ill App 2d 1 (234 NE2d 329), use limited to damage issue, not to liability issue.

5. *Sams* v. *Sams* (1966), 247 SC 467 (148 SE2d 154), trial judge who ordered defense stricken was reversed.

6. *Sonnier* v. *Ramsey* (Tex Civ App, 1968), 424 SW2d 684, judgment that plaintiff take nothing because of non-use of belt reversed, stating that though failure to use belt may contribute to cause of injury, this relates to damages, not liability.

Our attention is first directed to the relevant statute involving seat belts, cited *supra*.

"No private passenger vehicle manufactured after January 1, 1965, shall be offered for sale in this state unless the vehicle is equipped with safety belts for the use of the driver and one other front seat passenger. All safety belts and bolts and brackets used in the installation of the safety belts shall meet the minimum specifications of the society of automotive engineers as prescribed on April 1, 1963. This section shall not apply to trucks, buses, hearses, motorcycles or motor driven cycles." PA 1949, No 300, § 710b, added by PA 1961, No 163, § 1, effective September 8, 1961, as amended by PA 1963, No 212, § 1, effective September 6, 1963.[3]

Obviously, this statute imposes no sanction for *failure to use* a seat belt. There is nothing in it to prevent the purchaser of a new car from *removing* the seat belts when he leaves the showroom, should he so desire. Indeed, no statute of any state imposes a duty to wear seat belts, save Rhode Island which mandates their use only in government and public service vehicles. Three states, in fact, Minnesota, Tennessee, and Virginia, specify that failure to wear belts shall not be deemed negligence.[4]

Plaintiff relies heavily on statistics demonstrating the general non-use of seat belts, indicating that only 15% of the nation's drivers "buckle up"[5] and on studies showing that belts can exacerbate injuries.[6]

---

[3] It may be argued that this statute has been superseded by the National Traffic and Motor Vehicle Safety Act of 1966, 15 USC § 1381 *et seq.* (Supp III 1965–66), leading to the Commerce Department's requirement of installation of seat belts in all new cars sold after March 1, 1967.

[4] Roethe, *Seat Belt Negligence In Automobile Accidents*, 1967 Wis L Rev 288.

[5] Kleist, The Seat Belt Defense—An exercise in Sophistry, 18 Hastings Law Journal 613 (1967).

[6] Newsweek Magazine, June 19, 1967, p 92; 1 Motor Vehicle Research, Inc., Rep No 3 (1958).

To impose a standard on a plaintiff and submit to a jury the question of contributory negligence for non-use of seat belts (when perhaps only 2 or 3 of that jury use belts) stretches too far the facts of automobile travel today and, indeed, common-sense rules of statutory construction by implication.

The proliferation of devices to promote safety, such as harnesses, sideview mirrors, and headrests, to name but 3, with the concomitant lack of requirement of their use, leads us to the conclusion that such non-use was not intended to be punished or prohibited.   The case of *Miller* v. *Miller, supra,* appears to be the best-reasoned exposition of the problem and we adopt the view expressed there (273 NC 228, 233, 234):

"So far as our research discloses, no court has yet held an occupant's failure to buckle his seat belt to be negligence *per se.*  (Citing cases.)  If the failure to buckle a seat belt is not negligence *per se,* it could be contributory negligence only when a plaintiff's omission to use the belt amounted to a failure to exercise the ordinary care which a reasonably prudent person would have used *under the circumstances* preceding that particular accident.  Since the facts and circumstances preceding any accident will vary, so must conduct constituting due care.  Under what circumstances would a plaintiff's failure to buckle his seat belt constitute negligence?  If a motorist begins his journey without buckling his belt, ordinarily he will not have time to fasten it when the danger of accident becomes apparent; so the duty to "buckle up"—if any—must have existed prior to the injury.  Furthermore, it must be remembered that until one has, or should have, notice of another's negligence, he is not required to anticipate it.  On the contrary, he is entitled to assume that others will use due care for his safety and their own. (Citing cases.)"

Accordingly, we hold that as a matter of law, Robert E. Morrow had no duty to wear a seat belt. The plaintiff's failure to fasten his seat belt was not such negligence as to contribute to the cause of the accident. Unbuckled plaintiffs do not *cause* accidents.

The issue of assumption of risk has evidently, on reflection, been abandoned by both plaintiff and defendant on the basis of *Felgner* v. *Anderson* (1965), 375 Mich 23, and we heartily agree with that decision on the part of counsel.

There remains the question of whether evidence of plaintiff's failure to use his belt is admissible under the theory of avoidable consequences or mitigation of damages. Defendant states simply that plaintiff would not have been so seriously injured had he used a seat belt.

This argument, it seems to us, is disposed of by a very simple bit of logic: if there is no duty to buckle a seat belt, failure to do so cannot be held a breach of duty to avoid consequences or minimize damages. Again, *Miller* expounds cogently in this area (pp 239, 240):

" 'The doctrine of avoidable consequences is to be distinguished from the doctrine of contributory negligence. Generally, they occur—if at all—at different times. Contributory negligence occurs either before or at the time of the wrongful act or omission of the defendant. On the other hand, the avoidable consequences generally arise after the wrongful act of the defendant. That is, damages may flow from the wrongful act or omission of the defendant, and if some of these damages could reasonably have been avoided by the plaintiff, then the doctrine of avoidable consequences prevents the avoidable damages from being added to the amount of damages recoverable.' 22 Am Jur 2d, Damages, § 31 (1965).

"The seat-belt situation does not fit the doctrine of avoidable consequences because the failure to fasten the seat belt occurred before the defendant's negligent act and before the plaintiff's injury. (Citing cases and articles.) Nevertheless, it is closely analogous. The same considerations, however, which reject the proposition that a motorist's failure to fasten a seat belt whenever he travels is negligence, impel the rejection of the theorem that such a failure should reduce his damages. If there is no duty to fasten a seat belt, such a failure cannot be held to be a breach of the duty to minimize damages. Even were there a statutory requirement that a motorist fasten his seat belt every time he ventured upon the highway—a requirement which would create the duty and provide the standard now lacking—the complicated task of damage apportionment would 'invite verdicts on prejudice and sympathy contrary to the law,' create 'unnecessary conflicts in result,' and 'degrade the law by reducing it to a game of chance.' (Citing *Lipscomb* v. *Diamiani, supra.*)"

Accordingly, as a matter of law, we hold that failure to use a seat belt is not appropriate as a damage-mitigating factor or under the doctrine of avoidable consequences. In summary, it is for the legislature, which in its wisdom has prescribed seat belts, to prescribe any required use thereof if it chooses.[7]

The partial summary judgment motion to strike the "seat belt defense" herein was improperly denied. Reversed and remanded for granting of the motion.

Costs to appellant.

All concurred.

---

[7] For an analysis of legislation in an analogous area see *American Motorcycle Association* v. *Department of State Police* (1968), 11 Mich App 351.