MARILYN SCHMIDT, Exrx. of the Estate of David E. Schmidt, Deceased, *et al.*, Plaintiffs-Appellants, *v.* BARRY BLACKWELL, a Minor, *et al.*, Defendants-Appellees.

(No. 73-61;

Third District—November 9, 1973.

Carl F. Reardon, of East Peoria, for appellant.

Heyl, Royster, Voelker & Allen and Kavanagh, Scully, Sudow & White, both of Peoria, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellant, Marilyn Schmidt, executrix of the estate of David Schmidt and mother and next friend of Douglas Schmidt, a minor, commenced this action in the Circuit Court of Peoria County to recover damages for the wrongful death of David Schmidt and for personal injuries sustained by Douglas Schmidt resulting from the alleged negligence of Barry Blackwell, Carl James and Rogers Cartage Company, Appellee, all original defendants in the present action. Prior to trial, plaintiff's motion to dismiss defendant Blackwell was granted, and at the close of plaintiff's evidence, the court granted plaintiff's motion to dismiss defendant Carl James. The jury returned a verdict in favor of defendant Rogers Cartage Company, the court entered judgment thereon, and it is from this judgment plaintiff appeals.

The action arose as a result of a collision between an automobile driven by the deceased, David Schmidt and an automobile driven by Blackwell. The Schmidt automobile was traveling in an easterly direction on Route 150, a two lane highway about two miles west of Kickapoo. The automobile operated by Blackwell with six passengers was traveling in a westerly direction on the same highway. Blackwell reached a downhill slope which was broken midway by what the parties call a crest, making it impossible to see the bottom of the hill. The passengers in his

vehicle had complained of his fast driving after leaving Kickapoo. On the downhill slope he approached the truck driven by James, an employee of defendant, Rogers Cartage Company, also traveling west in the westbound lane. In spite of a no passing zone, Blackwell drove his car into the eastbound lane in order to pass the truck. The Schmidt automobile was in a blindspot as it proceeded easterly up the hill. James had seen the Schmidt car shortly before it became obscured by the crest of the hill. When Schmidt suddenly saw Blackwell's car he applied his brakes and veered toward the shoulder of his lane; nevertheless, the left front side of the Schmidt car collided with the front of Blackwell's car. David Schmidt died in the car shortly thereafter.

According to plaintiff's complaint, Rogers Cartage by and through its agent and employee, Carl James, negligently operated the truck and such conduct was a proximate cause of damage suffered by plaintiff. It is alleged the truck prevented the Blackwell vehicle from passing it successfully and from returning to the westbound lane. Specifically the complaint alleges the truck was driven at a speed in excess of the speed limit, failed to decrease speed at a hillcrest and increased speed while being passed by a car to the left, all in violation of the Motor Vehicle Code. Ill. Rev. Stat. 1971, ch. 95½, par. 11—601 and par. 11—703.

At the trial conflicting evidence was presented in reference to the speed of the truck and also in reference to the position of the truck in relation to the point of impact, although it was undisputed that the cars collided in the eastbound lane somewhere behind the cab of the truck. Defendant rested at the close of plaintiff's evidence having presented no evidence in his own behalf, at which time the court denied plaintiff's motion for a directed verdict on the issue of liability.

■■ On this appeal plaintiff's first contention is the trial court erred in refusing to direct a verdict for plaintiff and in failing to grant his motion for judgment notwithstanding the verdict, citing the standard set forth in *Pedrick v. Peoria & Eastern Railroad Co.*, 37 Ill.2d 494, 229 N.E.2d 504, as authority. The rule according to *Pedrick* is verdicts should be directed and judgments *non obstante verdicto* entered only in those cases where all of the evidence viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict could stand. Plaintiff in his brief appears to review the evidence only in its aspect most favorable to himself. Looking at all the evidence in its aspect most favorable to defendant, we cannot say defendant as a matter of law was guilty of negligence which proximately caused the collision.

The evidence relating to the speed of the truck was based on speculation with most of plaintiff's witnesses not sure if the truck was moving

faster than fifty miles per hour, the maximum speed limit for the truck. Blackwell testified when he passed the truck it increased speed one or two miles per hour. Also, there is no proof that had the truck been going slower, the Blackwell car could have returned to the westbound lane before the impact. The two automobiles were visible to each other for approximately only two seconds before the impact occurred. One witness, who was a passenger in the Blackwell automobile, said the truck didn't alter its course because there was no time. All the witnesses appear to agree that it all happened very fast, that is, within a matter of seconds.

■■ The evidence concerning where the collision occurred in relation to the truck is conflicting since the truck was not struck by either automobile nor did it come to a stop until it was 300 to 400 feet down the road. Due to the uncontradicted testimony that Blackwell was passing the truck in a no passing zone in the eastbound lane and did not see the Schmidt vehicle until two seconds before the collision, it is possible that a jury could conclude no matter what the truck had done, the collision would nevertheless have occurred. Having reviewed this evidence in its aspect most favorable to defendant, we are of the opinion that a directed verdict was properly refused since it cannot be said that the evidence so overwhelmingly favors plaintiff that no contrary verdict could ever stand.

Plaintiff next assigns error to instructing the jury on contributory negligence. The instructions submitted were defendant's instructions Number 4 and Number 8 patterned from IPI 2d 10.03 and IPI 2d 11.01, reading as follows:

"It was the duty of the plaintiffs, before and at the time of the occurrence, to use ordinary care for their own safety. That means it was the duty of the plaintiffs to be free from contributory negligence.

When I use the expression 'contributory negligence', I mean negligence on the part of the plaintiffs' decedent that proximately contributed to cause the alleged injury."

Plaintiff's objection was that there was no evidence of contributory negligence. While we agree that no evidence of failure of decedent or of Douglas Schmidt to exercise ordinary care appeared in the record, we are of the opinion giving the instructions was not error.

In Illinois one of the requisites in a negligence action is for plaintiff to allege and prove his freedom from contributory negligence. (See I.L.P. Negligence, sec. 184, 188.) The instructions in a negligence action should include the matter of plaintiff's contributory negligence. (I.L.P. Negligence, sec. 284.) Whenever plaintiff presents evidence which tends to show plaintiff has exercised due care, plaintiff's due care becomes a ques-

tion of fact for the jury. (*Genck v. McGeath*, 9 Ill.App.2d 145, 132 N.E. 2d 437.) Although plaintiff cites cases which he contends support his position that a contributory negligence instruction should not be given, those cases are distinguishable. In one of the cases, *Shore v. Turman*, 63 Ill.App.2d 315, 210 N.E.2d 232, giving an instruction dealing with contributory negligence on grounds of intoxication was reversible error where there was no evidence in the record of intoxication. In another case, *Smith v. Bishop*, 32 Ill.2d 380, 205 N.E.2d 461, there was no error in refusing to give a contributory negligence instruction where the circuit court had directed a verdict in favor of plaintiff on the issue of contributory negligence. The fact that only plaintiff presented evidence on Schmidt's due care does not establish lack of contributory negligence. Even though there is no dispute in the evidence regarding Schmidt's conduct, nevertheless, the jury might in viewing the conduct in light of all the evidence draw contrary inferences regarding the reasonableness of the conduct. As one of the necessary elements of plaintiff's cause of action, we believe contributory negligence was a question of fact for the jury and the instructions thereon were proper. Even plaintiff's own burden of proof instruction given to the jury included the following statement as one of the propositions which plaintiff must prove: "That the plaintiff before and at the time of the occurrence was using ordinary care for his own safety." Plaintiff therefore should not complain of defendant's instruction defining the duty of plaintiff to exercise ordinary care and defining the term contributory negligence.

■■ Complaint is also made of an instruction given on defendant's behalf relating to concurrent negligence and patterned from IPI2d 12.04. His specific objection is to the second paragraph of the instruction which reads as follows:

"However, if you decide that the sole proximate cause of injury to the plaintiff was the conduct of some person other than the defendant, then your verdict should be for the defendant."

The court refused to give an instruction tendered by plaintiff also taken from IPI2d 12.04, but with the second paragraph deleted. In the "Notes on Use" in IPI2d following the instruction, it is stated "The second paragraph should be used only where there is evidence tending to show that the sole proximate cause of the occurrence was the conduct of a third person." Plaintiff contends since defendant failed to present evidence or call witnesses on his own behalf, there was no evidence tending to show a third person was the sole proximate cause of plaintiff's damages. In spite of no evidence presented by defendant, we believe from the testimony presented by plaintiff's witnesses, there was evidence tending to show the sole proximate cause was the conduct of Blackwell. From

this evidence the jury might have found no negligence on the part of defendant or if defendant was negligent, that such negligence was not a proximate cause of the damage. In such case the jury could have found Blackwell to be the sole proximate cause (as it did in a special interrogatory). The instruction is therefore proper since it is applicable to this case.

Another alleged instruction error of which plaintiff complains was the giving of defendant's instruction Number 13 (IPI2d 50.11) and the refusal of plaintiff's instruction Number 25 (IPI2d 50.02). The instruction submitted to the jury read as follows:

"The defendant is a corporation and can act through its officers and employees. Any act or omission of an officer or employee within the scope of his employment is the action or omission of the defendant corporation."

Plaintiff's refused instruction read:

"Carl James was the agent of the defendant Rogers Cartage Company a corporation, at and before the time of this occurrence. Therefore, any act or omission of the agent at that time was in law the act or omission of the defendant Rogers Cartage Company, a corporation."

The objection in the trial court to plaintiff's instruction was that the word "employee" was a better description of James than was the word "agent". Plaintiff's contention on appeal is that defendant's instruction did not stress the point that Rogers Cartage Company was acting through James at the time of the occurrence, thereby confusing the jury. We do not believe the instruction tends to confuse the jury and because the instructions are so similar, either one of them would be suitable. It is within the trial court's discretion to determine the form in which an instruction shall be given. (*Handell v. Chicago Transit Authority*, 30 Ill.App.2d 1, 173 N.E.2d 529.) Since the instruction given to the jury correctly states the law and fairly and accurately informed the jury, the trial court's ruling was proper.

The final assignment of error pertaining to instructions concerns the issue instruction. Plaintiff's issue instruction refused by the trial court, itemized nine separate acts of negligence claiming defendant committed one or more of them. Six of the items related to the speed of the truck. Each of the nine acts of alleged negligence were stated twice within the single instruction, once in relation to injuries sustained by Douglas Schmidt and then again repeated as to the wrongful death of David Schmidt. The instruction tendered by defendant was given by the court and specified the alleged negligence to be in one or more of the following respects:

"A. In driving at a speed which was greater than was reasonable and proper with regard to traffic conditions and the use of the highway in violation of a certain statute of the State of Illinois;

B. In the manner in which it operated its truck in view of conditions then prevailing."

Plaintiff claims that each alleged statutory violation must be specified in the issue instruction even though other instructions may have covered the point. The plaintiff tendered instructions which the court submitted to the jury setting forth the Illinois Statutes regarding maximum speed limit, speed while being passed when approaching a hillcrest and speed when a hazard exists and when necessary to avoid a collision. The instruction reciting the statutes were patterned from IPI2d 60.01 and instructed the jury to consider a violation of a statute, if such violation is found, together with all other evidence to determine whether a party was negligent.

■■■ While we believe defendant's given issue instruction is not as specific as it might be, plaintiff's refused issue instruction was both verbose and repetitious. The criterion used by the Illinois courts in reference to the propriety of submitted instructions is whether the jury was fairly, fully and comprehensively informed on the relevant principles, considering the instructions in their entirety. (*Saunders v. Schultz*, 20 Ill.2d 301, 170 N.E.2d 163.) As stated by the court in *Hulke v. International Manufacturing Co.*, 14 Ill.App.2d 5, 142 N.E.2d 717, "The proper approach in considering instructions is not whether each individual instruction is mechanically correct so as not to be subject to some technical objection, but whether or not the instructions when considered as a whole were sufficiently clear so as not to mislead the jury." Since separate instructions were given which recite the specific statutes which were claimed to have been violated, we believe plaintiff was not prejudiced by the issue instruction submitted to the jury. The jury considering the instructions as a whole was sufficiently informed and in no way misled.

Plaintiff's next contention is the trial court erred in refusing to admit into evidence an exhibit offered by plaintiff depicting a section of Route 150 where the collision occurred. The basis of the court's ruling was that the vertical curves used in the highway profile were distorted. The vertical curves were drawn at a scale of 10 to 1 as compared to horizontal curves. It is argued by plaintiff that since it is normal engineering practice in Illinois to distort vertical curves, it was an abuse of the trial court's discretion to refuse to admit the exhibit. It is noted in the record that the trial judge stated although engineers may find the profile useful, it would be deceptive to a jury or any lay person not trained to make ad-

justments in scale; and therefore its use would be prejudicial to defendant. There are other means of testifying which would portray sight distances to the jury which was the purpose for which the exhibit was offered. In view of the rule that the court has considerable discretion in admission of demonstrative evidence (*Behles v. Chicago Transit Authority*, 346 Ill.App. 220, 104 N.E.2d 635), we find no abuse of discretion in the court's ruling on the exhibit.

■■ Another assignment of error asserted by plaintiff relates to two evidence depositions, the deponents being two of the passengers in the Blackwell automobile at the time of the collision. Plaintiff introduced testimony of both witnesses by reading three isolated questions from the evidence depositions. Reading from one deposition the witness was asked, "How much time elapsed from the time you first saw the headlights of the oncoming Schmidt automobile to the time you made your dive for your buddy's lap?" and he answered, "approximately three seconds". This question was the only one read by plaintiff from that deposition. The two questions read from the other evidence deposition concerned an estimate of the speed of the truck. The questions do not make reference to a particular truck nor to a particular point of time. Pursuant to Supreme Court Rule 212(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 212(c)) the trial court required plaintiff to read the remainder of the deposition considering such reading would be in fairness in order to place the questions in context and to allow the jury to judge the credibility of the witnesses and their ability to observe. Plaintiff's objection is that the portions of the depositions which they wished to emphasize were diluted by introducing the remainder of the depositions. We have examined the one case cited by plaintiff on this point but find it to be a case where a discovery deposition was used for the purpose of impeaching a witness. (*Schmitt v. Chicago Transit Authority*, 34 Ill.App. 2d 67, 179 N.E.2d 838.) Fairness, as a standard required by Supreme Court Rule 212(c), would be considered in a different light where the witness is present at the trial and the deposition is used for impeachment than where, as in the present case, the jury cannot see the witness nor observe his demeanor, and his testimony is introduced as part of the case in chief. Additionally, the witnesses in the instant case were passengers in an automobile involved in the collision and were important eyewitnesses whose testimony was very relevant. We find no violation of the Supreme Court rule in this ruling by the trial court. Plaintiff by using the evidence depositions made the deponents his own witnesses and the jury was entitled to hear the entire testimony of each witness which in fairness was required in this case.

■■ Finally, plaintiff contends he was prejudiced by the court's

limitation of his closing argument to 40 minutes. The main thrust of his argument is more time was needed because of the number of witnesses called by plaintiff, although he also claims the issues were complicated. The rule in Illinois is the trial judge may exercise his discretion in limiting oral arguments to the jury. (*Christiansen v. William Graver Tank Works*, 223 Ill. 142, 79 N.E.97.) Recognizing that an attorney should have a fair opportunity to present his contentions in his argument, the court in *Christiansen* found no abuse of discretion in limiting arguments to 45 minutes per side since the issues were not complicated and testimony not voluminous nor conflicting except on one or two points. In *Hansell-Elcock Foundry Co. v. Clark*, 214 Ill. 399, 73 N.E. 787, the court said the question of time limitation for oral arguments is one within the sound discretion of the trial court and only if it appears the discretion has been manifestly abused should there be a reversal. The trial court hearing the case is in a better position to judge the proper time than is a reviewing court. We are unable to say the time allotted was manifestly too short in view of the issues presented and the evidence to be reviewed for the jury. Furthermore, it is noted that plaintiff's attorney merely states he did not have ample time to review his client's cause but fails to point out what points or what testimony he was unable to discuss in the argument. This leaves us without a hint as to what additional points he would have discussed had he been allotted additional time. We therefore are unable to find prejudicial abuse of discretion by the trial court.

Other errors are charged by plaintiff regarding refusal to admit certain testimony by plaintiff's witnesses and alleged prejudicial comments from the bench. We are of the opinion the court did not err in respect to these matters and offer no further discussion thereon for to do so would unnecessarily prolong the opinion.

Accordingly, the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

DIXON and SCOTT, JJ., concur.