521 P.2d 161

**Walter B. NASH, III, as Special Administrator of the Estate of Hugh W. Puckett, Deceased, and Mary Puckett, a widow, Appellants,**

v.

**Mary Elizabeth Rigney KAMRATH, Appellee.**

**No. 2 CA–CIV 1541.**

Court of Appeals of Arizona, Division 2.

April 19, 1974.

Rehearing Denied May 22, 1974.

Review Denied June 18, 1974.

Holesapple, Conner, Jones, McFall & Johnson by Edmund D. Kahn, Tucson, for appellants.

Johnson, Hayes & Dowdall, Ltd. by Richard J. Dowdall, Tucson, for appellee.

HOWARD, Judge.

This case involves an automobile accident which resulted in a judgment entered on a unanimous jury verdict in appellee's favor in the amount of $35,000. Appel-

**532**

lants have fired a barrage of alleged errors, all of which have missed the target.

■ They initially contend that there was no evidence to sustain the verdict. We do not agree. Appellee was a passenger in an automobile struck by the car driven by appellants' decedent. A complete recitation of the evidence would be of interest only to the parties. Suffice it to say that there is substantial evidence that the deceased either failed to yield the right-of-way from a stop sign, or failed to make a proper stop at the stop sign and pulled into the path of appellee's vehicle. We consider the deceased's guilty plea to the charge of failure to yield the right-of-way as part of the evidence.

■ Next appellants complain that the court erred in excising certain items from the highway patrol accident report prior to admitting it into evidence.[1] We find that since appellants stipulated to the excisions they cannot now claim error.

■ Appellants contend the court erred in refusing to admit into evidence certain of appellee's answers to requests for admissions. Prior to trial appellants requested appellee to admit that the automobile in which she was a passenger was equipped with seat belts and that she was not using her seat belt at the time of the accident. Appellee objected to the request on the ground of relevancy. This objection was overruled by Judge Jack Marks and appellee then filed her written admissions. Appellants contend that since Judge Marks' ruling necessarily determined relevancy, his ruling constituted the law of the case and in any event an answer to requests for admissions is automatically entitled to be introduced into evidence at trial. This argument is completely without merit.

Judge Marks' ruling did not determine admissibility of the evidence *at trial*. The first test to be applied to any proposed evidence is its relevancy. This test applies to admissions. If the request had been that appellee admit she had not written to her

old sick mother for one year, and the judge required her to answer the request, no one could seriously contend that appellants could read her admission to the jury. The admissions as to the seat belt are no different.

■ Appellants sought to introduce the admissions to show that appellee's injuries were caused by her failure to wear her seat belt. Such evidence is irrelevant. It runs counter to the traditional notion that, unless put on notice to the contrary, one has a right to assume that other persons upon the highway will not be negligent. "Thus plaintiff may expect that defendant will obey the law and will act as a reasonable man would, unless the circumstances should warn him to the contrary. And he may likewise assume that highways and premises ostensibly prepared for his reception are reasonably free from defects and pitfalls. Reasonable expectations of safety are just as much a part of ordinary prudent conduct as are expectations of danger." 2 Harper & James, The Law of Torts, § 22.10 (1956). Certainly the plaintiff should not be required to "truss himself up in every known safety apparatus before proceeding on the highway." Kleist, "The Seat Belt Defense—An Exercise in Sophistry", 18 Hastings Law Journal 613 (1967). Furthermore, there is also a belief that seat belts increase the frequency of severity of abdomen-pelvis and lumbar spine injuries. This belief, according to Kleist, has some foundation in fact. As is stated in Miller v. Miller, 273 N.C. 228, 160 S.E.2d 65 (1968):

> " . . . Assuming merely for the sake of argument that wearing seat belts would reduce injuries in 75 percent of all collisions, the motorist, when he enters his car, cannot be assured that the collision he might have will not be one of the 25 percent in which the seat belt might *increase* the degree of injury." (Emphasis added)

Since there is no duty to fasten a seat belt, the failure to do so cannot be held to be a

---

1. The portion excised was the officer's opinion that the plaintiff would not have been injured if she had been wearing her seat belt.

breach of duty to minimize damages. Other courts have also rejected the seat belt defense. Moore v. Fischer, 31 Colo.App. 425, 505 P.2d 383 (1972); Derheim v. N. Fiorito Co., Inc., 80 Wash.2d 161, 492 P.2d 1030 (1972); Brown v. Kendrick, 192 So. 2d 49 (Dist.Ct.App.Fla.1966); Lipscomb v. Diamiani, 226 A.2d 914 (Super.Ct.Del. 1967); Robinson v. Lewis, 254 Or. 52, 457 P.2d 483 (1969); Dillon v. Humphreys, 56 Misc.2d 211, 288 N.Y.S.2d 14 (1968); Roberts v. Bohn, 26 Ohio App.2d 50, 269 N.E. 2d 53 (1971); Romankewiz v. Black, 16 Mich.App. 119, 167 N.W.2d 606 (1969); Lawrence v. Westchester Fire Ins. Co., 213 So.2d 784 (La.App.1968); Woods v. Smith, 296 F.Supp. 1128 (N.D.Fla.1969); Clark v. State, 28 Conn.Sup. 398, 264 A.2d 366 (1970). See also Annot. 15 A.L.R.3d 1428 (1967).

A motion in limine to exclude evidence as to the seat belt was made at the beginning of trial by appellee. The trial judge did not grant the motion since she believed that whether appellee was using a seat belt was relevant in showing the mechanics of injury. The court did not hold that failure to use the seat belt constituted a viable defense. In fact, the court stated:

"THE COURT: An instruction on it, that's a different matter, I'm not going to instruct that she be—

MR. DOWDALL: You are saying then just to show the circumstances surrounding—

THE COURT: Right, it would be relevant to do that, so I don't feel you'll be entitled to keep it out. . . ."

■ Appellants' counsel, in his opening statement to the jury, stated that the evidence would show that appellee was not wearing a seat belt and that if she had worn one she would not have hit the windshield and would not have been injured. No objection was made to this opening statement. Appellants contend the court committed prejudicial error when it later refused to allow evidence that appellee's automobile was equipped with seat belts. We do not agree. When it became clear to the court that appellants were attempting to use the failure to wear the seat belt as contributory negligence, the court properly, on appellee's objection, sustained the same and refused to permit appellants to pursue the subject any further. Furthermore, appellee did not as suggested by appellants, open the door on the seat belt issue by asking the driver of the automobile in which appellee was riding the type of car he was driving and whether it had bucket seats in the front.

■ Appellants contend the court erred in refusing to give their instructions Nos. 2 and 3. Since there was no evidence of contributory negligence on the part of appellee, such instructions were properly refused. They further contend the court erred in giving Arizona Uniform Jury Instruction No. 7 concerning the duty to stop at a stop sign under A.R.S. § 28–855(D). They argue that since the decedent testified on deposition that he did stop at the stop sign, there was no evidence to support the instruction. We do not agree. The jury could infer from the manner in which the accident happened that the deceased either failed to yield the right-of-way or failed to make a proper stop.

■ The argument that the verdict was excessive and tainted by passion or prejudice has no merit. Appellee sustained facial scars and serious injuries to her knees. Dr. Toll, testified as to appellee's condition and as to her knees stated that "the second thing is that we can predict with some certainty that the condition is going to become steadily worse."

■ Lastly, appellants contend the trial court committed prejudicial error when it allowed into evidence, over objection, (1) a statement by appellee to Dr. Dale that "her knees were ruined" and (2) color photos of appellee taken immediately after the suturing of her facial injuries. The photographs were admissible on the issue of pain and suffering and doctor's testimony as to appellee's statement was properly admitted as a history of symptoms.

Affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.