LARRY CLARKSON, Plaintiff-Appellant, *v.* WILLIAM WRIGHT, Defendant-Appellee.

Third District   No. 82—659

Opinion filed January 17, 1984.

BARRY, J., dissenting.

Robert W. Burnett, of Lester Berry Smith, Ltd., of Peoria, for appellant.

Duncan B. Cooper III and Philip R. Meisinger, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Peoria County entered upon the return of a jury verdict for the plaintiff-appellant, Larry Clarkson, and against the defendant-appellee, William Wright, for $3,620 with an additional finding of 50% comparative negligence on the part of Clarkson.

On February 28, 1980, Clarkson was driving his employer's automobile north on Monroe Street in Peoria. As he was driving, he approached the intersection of Monroe and Hayward streets. Clarkson's lane of traffic was not regulated by a traffic signal and was not required to stop. There was a stop sign on Hayward. Wright was driving a truck westbound on Hayward and stopped at the intersection. He pulled forward on to Monroe, saw Clarkson's car coming towards him, and stopped while in Clarkson's lane of traffic. Clarkson's car then collided with Wright's truck. The investigating police officer issued Wright a citation for failure to yield the right of way, to which the defendant subsequently pled guilty. Clarkson suffered various injuries as a result of the collision. He filed suit seeking damages for the injuries which he alleged were the result of the defendant's negligence. Following a jury trial, defendant was found negligent. In addition the jury found the plaintiff to be 50% negligent and the jury award was therefore reduced by one half. On appeal, plaintiff raises two issues: (1) whether the trial court erred in refusing to give certain of plaintiff's tendered jury instructions; and (2) whether the trial court erred in refusing to grant plaintiff's motion for a new trial as to damages only or, in the alternative, a motion for a new trial as to all issues. We affirm.

At trial, plaintiff tendered three instructions, Nos. 27, 33, and 34, regarding the effect of the violation of a statute on the plaintiff's theory of the case. All three instructions were rejected by the trial

court. Plaintiff contends that failure to give any of these instructions constitutes reversible error. We disagree.

While plaintiff was entitled to give the jury instructions regarding the effect of a statutory violation, the instructions tendered were not applicable to the circumstances of the case. Instruction No. 27 was based on a statute concerning movement of vehicles after passing a yield right of way sign. Since the accident in this case occurred after the defendant passed a stop sign, this instruction was not relevant.

Instruction No. 33 dealt with an intersection not controlled by traffic signs. Since there was a stop sign in the case at bar, this instruction is also inapplicable. Inasmuch as these instructions were not applicable to the circumstances of the case, their presentation to the jury would have been confusing and would have introduced irrelevant issues into the case. We find no error in the trial court's rejection of these instructions.

Plaintiff's instruction No. 34 was also refused by the trial court, which instead issued defendant's instruction No. 8 to the jury. The trial court's reason for doing so was that, in its judgment, plaintiff's instruction did not adequately instruct the jury on the issues of the case dealing with plaintiff's negligence. It is within the trial court's discretion to determine which instruction shall be given and the exercise of discretion will not be disturbed on review unless it has been clearly abused. (*Schmidt v. Blackwell* (1973), 15 Ill. App. 3d 190, 304 N.E.2d 113.) We see no such abuse of discretion here.

Plaintiff's second issue is whether the trial court erred in refusing to grant plaintiff's motion for a new trial on the issue of damages only or in the alternative, his motion for a new trial on all the issues. He bases his contention that the trial court erred in refusing to grant his motion on three arguments.

First, he contends that evidence concerning plaintiff's failure to use a seat belt was improperly admitted. Evidence regarding the nonuse of a seat belt may be introduced for its relevance in mitigating damages, although it may not be introduced on the question of liability or fault. (*Mount v. McClellan* (1968), 91 Ill. App. 2d 1, 234 N.E.2d 329.) To lay a proper foundation for introducing this evidence, the defendant must establish (1) the availability of a seat belt and (2) a causal connection between the failure to use the seat belt and the injuries sustained. (*Dudanas v. Plate* (1976), 44 Ill. App. 3d 901, 358 N.E.2d 1171.) Plaintiff contends neither requirement was met. We disagree.

With respect to the availability of the seat belt, there was uncontested evidence that seat belts were installed in plaintiff's car. How-

ever, plaintiff testified that on the last occasion on which he had attempted to use the seat belt prior to the collision, it would not work. Therefore, plaintiff argues, there was not an available seat belt. We believe plaintiff's testimony was not sufficient to establish nonavailability of a seat belt. Failure of the seat belt to work at some time in the past is not sufficient to prove that on the day of the accident the seat belt did not work. Had the plaintiff established the defect in the seat belt and that he had not had a chance to remedy the problem, there might be a different result. Such is not the situation here, however. We do not know why the seat belt did not work in the past nor do we know it did not work on the day of the accident. We believe evidence of the installation of a seat belt is sufficient to establish the availability of the seat belt in the absence of countervailing evidence regarding nonworkability of the seat belt.

The requirement of proving a causal connection between the failure to use the seat belt and the injuries sustained was also met. The evidence deposition of Dr. Corley, a plastic and reconstructive surgeon, stated that seat belts were helpful in reducing the type of injuries plaintiff suffered. Dr. Van Etten, a seat-belt safety expert, testified that if plaintiff had been wearing a seat belt, he would not have sustained the injuries he did in the accident. This is sufficient evidence of causality. Since both requirements for laying a proper foundation were met, the evidence regarding nonuse of the seat belt was properly admitted.

■ Plaintiff's second argument is that the court erred in refusing to give plaintiff's instruction No. 32 to give the jury guidance on what effect was to be given to evidence introduced by defendant of prior and subsequent injuries suffered by plaintiff. We find no error here. Plaintiff's proposed instruction covered the same matters already covered by other instructions. As a result, the trial court could properly refuse the instruction. *Kofahl v. Delgado* (1978), 63 Ill. App. 3d 622, 380 N.E.2d 407.

■ Plaintiff's final argument is that the verdict as to damages is contrary to the manifest weight of the evidence. There was evidence of lost wages of $3,120 and medical bills of $3,897. The jury determined the damages to be $3,620. Plaintiff claims this verdict is not supported by the evidence and the determination is obviously inadequate. We disagree.

While plaintiff's special damages are higher than the determination, there are other factors to be considered. First, there was evidence of nonuse of the seat belt. There was testimony that had the seat belt been used, plaintiff's injuries would have been lessened. As

discussed earlier, nonuse of a seat belt may be taken into account in mitigating damages. Second, there was evidence introduced regarding prior and subsequent injuries. This could also have affected the jury's determination.

The amount of a verdict is largely discretionary with the jury and will not be disturbed unless it is against the manifest weight of the evidence. In view of the evidence in this case, we do not find the determination to be against the manifest weight of the evidence.

For the abovementioned reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT, J., concurs.

JUSTICE BARRY, dissenting:

I disagree with my colleagues.

The plaintiff on appeal contends that the trial court erred in refusing to grant a new trial because, *inter alia*, the defendant failed to establish the foundation for admitting evidence of the plaintiff's nonuse of a seat belt. I agree with the plaintiff on this issue and would hold that a new trial should have been granted.

Following the general guidance of *Mount*, we said in *Eichorn v. Olson* (1975), 32 Ill. App. 3d 587, 593, 335 N.E.2d 774, 778, regarding jury instructions on the nonuse of seat belts:

> "In order to be entitled to such an instruction, the defendant must prove, by competent evidence, a causal connection between the plaintiff's nonuse of an available belt and the injuries and damages sustained."

Therefore the two-fold foundation to be satisfied for the introduction of such evidence, and as subsequently recognized by *Dudanas* (plaintiff's expert specified how wearing of an available seat belt would limit certain of the injuries), and *Kassela v. Stonitsch* (1978), 57 Ill. App. 3d 817, 373 N.E.2d 608 (any reference to seat belts deprived plaintiff, who did not know whether he was wearing his seat belt, of a fair trial—and was reversible error), is, as indicated by the majority here, "(1) the availability of a seat belt and (2) a causal connection between the failure to use the seat belt and the injuries sustained."

Obviously the availability of the seat belt must be established first. The party choosing to use the evidence, as in any case, bears the burden of proof—here, the defendant. The quantum of evidence needed to establish availability must be at least a preponderance, the

general civil standard. It was not sufficient merely to show that the car was equipped with a belt in this case. The defendant was also required to prove by a preponderance of the evidence that the belt was usable if it was to be considered "available." My thorough review of the record reveals that the plaintiff acknowledged that there was a seat belt in the car, he was not wearing it on the day of the accident, but testified that the last time he attempted to use the seat belt it did not function. The only other testimony regarding availability of the seat belt was from the defendant's engineer who indicated that the car was equipped with a seat belt, but that he did not enter the vehicle to determine anything more. Therefore, the only "availability" evidence was that the car was equipped with a seat belt, but when the plaintiff last attempted to use it, it was inoperable.

The lack of evidence that the seat belt was, in fact, usable, defeated the "availability" prong of defendant's foundation for presenting the "mitigation defense."[1] Consequently, there was no need for the plaintiff to rebut defendant's attempt to lay the foundation, and

[1]Although neither party has asked us to reconsider the judicially-created seat belt "defense," I have grave doubts that under the law of comparative negligence, which has come into existence since *Mount, Dudanas, Kassela* and other Illinois cases, juries can be expected to dismiss liability from their minds upon considering "mitigation of damages," particularly where, as here, there is no specific medical evidence identifying which injuries may have been reduced or eliminated by the use of a seat belt. In my opinion the time has come to reevaluate principles underlying the admission of seat belt evidence. More than 15 years have passed since *Mount*. Extensive technological developments, studies pro and con, and the relative values of various systems of restraint should be considered now. Our supreme court has never spoken to the issue. And the legislature has only recently declared our public policy and has limited the mandated use of seat belts to infants only. Perhaps the onset of comparative negligence dictates that Illinois courts should be reviewing this area of the law taking into consideration the extensive body of authority in sister jurisdictions which have considered the admissibility of evidence of nonuse of seat belts given that the majority of those courts have concluded that such evidence should not be permitted under circumstances as presented in the case before us. See, *e.g., Amend v. Bell* (1977), 89 Wash. 2d 124, 570 P.2d 138; *Fischer v. Moore* (1973), 183 Colo. 392, 517 P.2d 458; *Birtton v. Doehring* (1970), 286 Ala. 498, 242 So.2d 666; *Miller v. Haynes* (Mo. App. 1970), 454 S.W.2d 293; *Miller v. Miller* (1968), 273 N.C. 228, 160 S.E.2d 65; *Taplin v. Clark* (1981), 6 Kan. App. 2d 66, 626 P.2d 1198; *Nash v. Kamrath* (1974), 21 Ariz. App. 530, 521 P.2d 161; *Stallcup v. Taylor* (1970), 62 Tenn. App. 407, 463 S.W.2d 416; *Romankewiz v. Black* (1969), 16 Mich. App. 119, 167 N.W.2d 606. But *cf. Gibson v. Henninger* (1976), 170 Ind. App. 55, 350 N.E.2d 631 (stating Indiana law allows for admitting evidence of plaintiff's nonuse of a seat belt on the issue of contributory negligence); *Spier v. Barker* (1974), 35 N.Y.2d 444, 363 N.Y.S.2d 916, 323 N.E.2d 164 (discussed extensively in *Dudanas* to support conclusion that nonmedical expert's testimony was sufficient to satisfy causal connection prong of foundation).

the trial court should have allowed the plaintiff to prevail in his attempts to suppress that "defense." There is no duty for any party to affirmatively prove compliance with a nonexistent duty, whether that duty be expressed in terms of due care for the purposes of liability or duty to mitigate damages, as technically was at issue in this case. The concept of "availability," at least in my view, is not interchangeable with "installation." Failure to rebut plaintiff's testimony that the seat belt did not operate destroyed any presumption that might have been acceptable—that the seat belt installed. was a seat belt "available," *i.e.*, installed, workable and useable. As I see it, the majority has effectively created a negative burden for the plaintiff to disprove or negate the defendant's attempt to show "availability," and I cannot agree with my colleagues when they say:

> "We believe plaintiff's testimony was not sufficient to establish nonavailabiilty of a seat belt. Failure of the seat belt to work at some time in the past is not sufficient to prove that on the day of the accident the seat belt did not work. Had the plaintiff established the defect in the seat belt and that he had not had a chance to remedy the problem, there might be a different result. Such is not the situation here, however. We do not know why the seat belt did not work \*\*\* on the day of the accident. We believe evidence of the installation of a seat belt is sufficient to establish the availability of the seat belt in the absence of countervailing evidence regarding nonworkability of the seat belt."

The majority has thus shifted the defendant's burden of persuasion in this case to the plaintiff and reached, as did the trial court, the erroneous conclusion that the "mitigation defense" could be presented to the jury. This resulted in an unfair trial  (see *Kassela*). It is apparent to me that admission of the evidence of the plaintiff's nonuse of the seat belt in this case controlled the jury's verdict. The unrebutted evidence of special damages for the plaintiff's fractured wrist and serious facial lacerations incurred was $2,509 and the unrebutted evidence of the plaintiff's lost wages was $3,120. If evidence of the nonuse of the seat belt had been refused the damages awarded by the jury would have had to have been at least $5,629. (Thereafter reduced by 50% based upon the jury's determination of the parties' comparative negligence.) Obviously the unreduced award of $3,620 (which translated into an award of only $1,810 after application of the reduction for the plaintiff's comparative negligence) proves that the seat belt evidence was used to "mitigate" damages here.

I would reverse and remand this case for a new trial.