JOSEPH VILLA, Plaintiff-Appellant, v. CROWN CORK AND SEAL COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—89—1832

Opinion filed September 5, 1990.

1084

Gabrielle S. Davis, of Heller & Richmond, Ltd., of Chicago, for appellant.

Robert P. Harris, of Harold A. Harris, Ltd., of Chicago (John Sanchez, of counsel), for appellees.

JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff, Joseph Villa, brought this action in the circuit court of Cook County to recover damages for injuries he sustained in a car-truck collision. Following a jury trial, a verdict was rendered in favor of plaintiff and against defendants, Crown Cork & Seal Company and Ronald Kukla. The jury attributed 99% of the fault to plaintiff and he now appeals.

The collision occurred on an unnamed two-lane road connecting Lawndale Avenue and Pulaski Road in Chicago. According to defendants, the road runs in a general east-west direction and contains some sharp curves, which temporarily lead traffic in a north-south direction. At the corner of Pulaski Road and the unnamed road, a sign is posted which states "City of Chicago, private road, city vehicles only." The city Department of Streets and Sanitation vehicle garage is located at the Lawndale end of the road.

On October 16, 1984, at about 3:15 p.m., plaintiff, who was em-

ployed by the Department of Streets and Sanitation, left work driving south on the unnamed road. Although visibility was good, it was drizzling. The road was wet and had been made slick because of oil and debris from other vehicles. According to plaintiff, he was travelling at a rate of about 10 to 15 miles per hour. As he entered a curve on the road, he slowed his speed to 10 miles per hour. In an attempt to negotiate the curve, plaintiff applied his brakes. Defendants' truck was over the center, yellow line, in plaintiff's lane. Plaintiff's car slid into the center of defendants' trailer.

Defendant Kukla's version of facts differs. According to him, at the time of the collision, he was driving a truck with a 12½-foot-wide, 45-foot-long trailer. Defendant was travelling in the opposite direction of plaintiff on the unnamed road. He approached the curve slowly, in first gear, travelling at about two miles per hour. As plaintiff's car entered the curve, it slid and began to fishtail. It hit the trailer section of the truck, stopping underneath it. After the collision, defendant told plaintiff not to move his vehicle, in order that the police or any other investigators could take pictures of the scene. However, plaintiff refused and moved his car away from the truck. At the time of the collision, plaintiff, according to defendant's estimate, was travelling at about 20 miles per hour.

Defendant Kukla further testified that he had been driving semi-tractor trailer trucks for 30 years. Additionally, he had negotiated this curve many times in the past, sometimes three or four times a day. He stated that at no time did his truck cross the center line on the road.

Edward Bloom, a photographer, took photographs of the scene of the collision in October 1984 and again in March 1989. In explaining his photographs, he testified that he had measured the road surface, which, from the center of the curve, was 500 feet. According to him, in order for defendants' trailer to maneuver to the left on the curve where the collision occurred he would have to go farther right, into the other lane of traffic. On cross-examination he stated that his measurement of the road surface was done by foot-to-heel, and was only an approximation, which did not include the gravel shoulder of the road.[1]

As a result of the collision, plaintiff filed a complaint against defendants for injuries which he sustained. A jury verdict was returned in favor of plaintiff and against defendants. The jury determined the dam-

---

[1]Bloom's testimony on direct examination, wherein he attempted to reconstruct the collision, was objected to by defendant on the basis that the witness was not an expert on reconstruction. The court sustained the objection and permitted defendant limited cross-examination on that testimony.

ages to be $50,000 and attributed 99% of the fault to plaintiff, which reduced plaintiff's award to $500. Plaintiff appeals, contending that: (1) the trial court erred in denying his motion for judgment notwithstanding the verdict; (2) the trial court erred in permitting a non-IPI instruction to be read to the jury; and (3) the trial court erred in denying his motion for a new trial. We affirm.

■ Plaintiff first contends that the trial court should have entered judgment notwithstanding the verdict, with no reduction for comparative negligence. He correctly recites the applicable standard that judgments notwithstanding the verdict ought to be entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could ever stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 511, 229 N.E.2d 504.) However, plaintiff's application of the standard is fundamentally flawed.

First, plaintiff attempts an analogy between this case and *Pedrick*. In *Pedrick*, the plaintiff's testimony concerned whether railroad crossing signals were flashing properly. Significantly, the plaintiff's testimony, which was comparatively ambiguous to that of the defendant, went to the issue of causation.

In this case, plaintiff points to defendant Kukla's testimony concerning his reason for having used the road on the day of the collision and the fact that defendant testified that he used the road with great regularity and yet had failed to notice the signs posting the road as private. He reasons that since the defendant's testimony on these issues was equivocal and ambiguous, like in *Pedrick*, the trial court should have entered a judgment notwithstanding the verdict. We disagree.

Initially we note that the only testimony that was contradictory was that which concerned defendant's reason for using the road. Additionally, the fact that defendant Kukla testified that he had often used the road without giving attention to the posted signs does not render his testimony on that issue ambiguous. Moreover, the testimony targeted by plaintiff in support of his motion was neither relevant nor probative on the issue of defendants' negligence.

■ ■ Unlike the testimony in *Pedrick*, the testimony to which plaintiff here points bears no relationship to any ultimate fact or issue in the case. Clearly this testimony does not compare, either in character or calibre, to the questionable testimony in *Pedrick*. Consequently, even if we were to agree with plaintiff's characterization that the testimony was ambiguous, such a finding carries no weight to shift the balance of the evidence in plaintiff's favor. Facts unrelated to essential elements of plaintiff's cause are immaterial, no matter how sharply controverted,

and cannot support a motion for judgment notwithstanding the verdict.

Also, in his analogy, plaintiff compares defendant Kukla's testimony concerning the reasons and frequency with which he used the road, with his (plaintiff's) "unequivocal and unambiguous" testimony concerning the events which immediately preceded the collision.

Plaintiff here attempts to compare apples and oranges. Defendants' motive for using the road may have been contradictory; however, this nonessential testimony cannot logically be compared to testimony relating to ultimate facts. In *Pedrick*, the holding did not simply rest on the fact that some testimony was ambiguous and equivocal; the relevant and comparative testimony related to the same essential facts.

■ Here, each party's version of the facts as to how the collision occurred, while different, was clear and consistent. Those differences merely created questions of fact and issues of credibility for the jury, not a mandate for judgment notwithstanding the verdict. Moreover, where, as here, the evidence demonstrates a substantial factual dispute, or where the assessment of credibility of the witnesses or the determination regarding conflicting evidence may be decisive of the outcome, it is error to enter a judgment notwithstanding the verdict. (*Lee v. Grand Trunk Western R.R. Co.* (1986), 143 Ill. App. 3d 500, 509, 492 N.E.2d 1364; *Wright v. Yellow Cab Co.* (1983), 116 Ill. App. 3d 242, 451 N.E.2d 1313.) Based on all of the evidence presented, we do not find any to be so compelling as to support a verdict in plaintiff's favor. We hold that the denial of plaintiff's motion was proper.

Plaintiff next contends that the non-Illinois Pattern Jury Instruction (IPI) was erroneously given. He claims that the instruction overemphasized the nature of the road and prejudiced his case. Further, he argues that the instruction was not supported by evidence. Defendants have responded that the instruction was a necessary clarification to the jury on how to treat the issue of the private road.

The questionable instruction provided:

> "The fact that the Defendant was operating his vehicle on a private roadway should not be a factor for you to consider in deciding the issues presented in this case."

■ The trial court has the discretion to determine which instruction shall be given, and the exercise of such discretion will not be disturbed on review unless it has been clearly abused. (*Tuttle v. Fruehauf Division of Fruehauf Corp.* (1984), 122 Ill. App. 3d 835, 844, 462 N.E.2d 645; *Clarkson v. Wright* (1984), 121 Ill. App. 3d 230, 459 N.E.2d 305, *rev'd on other grounds* (1985), 108 Ill. 2d 129, 483 N.E.2d 268.) The standard for determining the adequacy of jury instructions is whether they were sufficiently clear to avoid misleading the jury, while at the same time

fairly and correctly stated the law. (*Nolan v. Elliott* (1989), 179 Ill. App. 3d 1077, 1085, 535 N.E.2d 1053; *Black v. Peoria Marine Construction Co.* (1987), 160 Ill. App. 3d 357, 513 N.E.2d 622.) However, care should be taken to prevent instructions overemphasizing any particular matter. (*Malek v. Lederle Laboratories* (1984), 125 Ill. App. 3d 870, 872, 466 N.E.2d 1038; *Robinson v. Greeley* (1983), 114 Ill. App. 3d 720, 449 N.E.2d 250.) Finally, a particular jury instruction given by the trial court is proper if it is supported by some evidence in the record, and the trial court has discretion in deciding which issues are raised by the evidence. *Black*, 160 Ill. App. 3d at 364.

■ We agree with defendants and find that the instruction was proper. Our review of the record reveals that in her opening statement and on direct examination of plaintiff, plaintiff's counsel made repeated references to the fact that the road was private. Additionally, plaintiff's counsel attempted, by referencing the posted signs, to bring up the issue in her examination of defendant Kukla, Bloom and the investigating officer, Cynthia Cummings. Plaintiff, however, never presented any evidence to show that that fact had any connection with the level of defendants' duty of care. In fact, plaintiff agreed that no greater duty was required by virtue of the fact that the road was posted as private.

The court's non-IPI instruction, which was clear, brief, and free from argument (see *Zieger v. Manhattan Coffee Co.* (1983), 112 Ill. App. 3d 518, 445 N.E.2d 844), was necessitated by plaintiff's references to the fact that the road was private. We believe that it would have been error for the court not to have given the instruction. Since plaintiff made repeated reference to the fact that the road was private, absent some clarification concerning the irrelevance of that fact, the jury could have erroneously inferred a greater duty of care based on the fact that defendants were in a place where they had no right to be. Plaintiff should not now be heard to complain about the necessity of the court to clarify a potentially prejudicial issue which he himself presented. (*Ervin v. Sears, Roebuck & Co.* (1976), 65 Ill. 2d 140, 144, 357 N.E.2d 500; *Noncek v. Ram Tool Corp.* (1970), 129 Ill. App. 2d 320, 264 N.E.2d 440.) We find no abuse of discretion in the giving of this instruction.

■■ ■ Moreover, we believe that not every error in giving instructions necessitates a new trial. A reviewing court will ordinarily not reverse a trial court for giving faulty instructions unless they clearly misled the jury and resulted in prejudice to the appellant. (*Amstar Corp. v. Aurora Fast Freight* (1986), 141 Ill. App. 3d 705, 710, 490 N.E.2d 1067.) As defendants point out, the fact that the road was private, had it been relevant, would have gone to the issue of defendants' liability, not plaintiff's. The jury determined that defendants were negligent;

thus, the fact that the private road instruction was given was of no consequence to plaintiff. Since plaintiff was not prejudiced by the instruction, even had it been erroneous, reversal would not be required.

Plaintiff next contends that the trial court erred in denying his motion for a new trial. In support of his argument, he adopts the arguments stated in sections I and II of his brief (contentions 1 and 2 in this opinion).

■ It is within the sound discretion of the trial court whether to grant a motion for a new trial, and, absent a clear abuse of that discretion, its decision will remain undisturbed. (*Ervin*, 65 Ill. 2d at 144; *Cadral Corp. v. Solomon, Cordwell, Buenz & Associates, Inc.* (1986), 147 Ill. App. 3d 466, 497 N.E.2d 1285.) A new trial will not be granted merely because the evidence is conflicting. The relevant inquiry, when such a motion is presented, is whether the verdict rendered is against the manifest weight of the evidence. (*Mizowek v. De Franco* (1976), 64 Ill. 2d 303, 310, 356 N.E.2d 32.) A verdict is against the manifest weight of the evidence where the opposite conclusion is clearly evident or where the findings of the jury are unreasonable, arbitrary and not based upon any of the evidence. *Monier v. Winkler* (1987), 158 Ill. App. 3d 724, 729, 511 N.E.2d 426; *Anderson v. Beers* (1979), 74 Ill. App. 3d 619, 393 N.E.2d 552.

The substance of plaintiff's argument in section I of his brief, as has already been stated, is that defendant's testimony regarding his reason for using the road was ambiguous and contradictory, there was a sign which posted the road as private, and there was corroborative testimony concerning the posting of the road as private. Additionally, included in that section of plaintiff's brief is his version of the facts concerning the collision.

We fail to see how this evidence supports plaintiff's argument that the verdict was against the manifest weight of the evidence. Further, the fact that plaintiff's version of how the collision occurred conflicted with defendant's is not decisive. The jury was not obligated to reject defendant's version of the facts because it differed from plaintiff's.

■ The jury heard the testimony of the witnesses and viewed the evidence presented. It was its prerogative to draw reasonable inferences and ultimate conclusions from that evidence. (*Finley v. New York Central R.R. Co.* (1960), 19 Ill. 2d 428, 436, 167 N.E.2d 212.) As we have stated previously, an election between conflicting evidence and the assessment of credibility of the witnesses were properly questions for the jury's resolution. (*Brooks v. City of Chicago* (1982), 106 Ill. App. 3d 459, 464, 435 N.E.2d 1182; *Sunseri v. Puccia* (1981), 97 Ill. App. 3d 488, 422 N.E.2d 925.) The verdict will not be altered merely because the jury

could have found differently. (*Lee*, 143 Ill. App. 3d at 512; *Jardine v. Rubloff* (1978), 73 Ill. 2d 31, 382 N.E.2d 232.) We have reviewed the record, and we find the jury's verdict to have been properly supported by the evidence. Thus, we have no basis upon which to disturb its findings.

Plaintiff's next argument (section III of his brief) concerned the non-IPI jury instruction. As we have already stated, we believe that the instruction in this case was not only proper, but necessary, and that plaintiff was not prejudiced thereby. We deem further discussion on the issue to be superfluous.

For the foregoing reasons, we affirm the judgment of the circuit court.

Affirmed.

CERDA, P.J., and RIZZI, J., concur.