**The People of the State of Illinois, Plaintiff-Appellant, v. Russell D. Fratto, Defendant-Appellee.**

**Gen. No. 48,156.**

First District, First Division.
October 30, 1961.

■■■■■■

Daniel P. Ward, State's Attorney of Cook County (John T. Gallagher and James R. Thompson, Assistant State's Attorneys, of counsel), for appellant.

L. Louis Karton and David Linn, of Chicago, for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

This is an appeal by the People from an order directing that there be returned to defendant certain property which had been seized by the police.

A complaint for search warrant incorporating a five-page affidavit was filed in the Municipal Court of Chicago and a search warrant issued. The warrant designated the premises to be searched and described in detail three types of property (rolls of paper used to print policy result slips; paper pads called "Short Slips"; and onion skin paper pads used to record policy wagers).

When the warrant was executed, a search of the premises resulted in seizure of large quantities of the three types of property described in the warrant, together with various other kinds of paper, wooden policy tumblers, policy printing presses, type, bettors' receipt pads, etc., all as disclosed by the return of the search warrant.

A criminal information was filed charging defendant with possession of the seized property in violation of the section of the Criminal Code relating to lottery policies. (Chap 38, § 413.) In that proceeding defendant filed two motions which were heard together: to quash the search warrant, and to suppress the evidence as having been illegally seized.

The court overruled the motion to quash the search warrant, and overruled the motion to suppress in so far as it related to the three types of property spe-

355

cifically described in the warrant. At the same time, the court allowed the motion to suppress with respect to all other property taken from the premises, holding that as to this property the search and seizure had been illegal.[1]

The trial court was then asked by defense counsel to order the return of all the property to defendant. At the hearing which ensued, no evidence was heard on the question raised by the State's Attorney as to the contraband nature of the property. The court directed the preparation of a draft order restoring to defendant the property which had been suppressed as evidence, and it was clearly indicated to counsel that the three types of property specifically described in the search warrant were not to be returned. The court's directions were not followed fully, however, and in the order which was prepared and entered one of the three types of property specifically covered by the search warrant (3,892 rolls of paper having very substantial value) was ordered returned along with the suppressed property.[2] It is from this draft order that the instant appeal is taken.

The order makes no finding that the property concerned was not contraband.[3] Indeed, without the hearing of evidence on this question, we don't see how any finding could properly have been made one way or the other.

---

[1] We should not want our reference to this latter order to be considered as inferring approval. (People v. Van Scoyk, 20 Ill2d 232, 170 NE2d 151; Abel v. United States, 362 US 217.) At the time the order was entered, the People had no right to appeal from this kind of order.

[2] The relief sought by the People through this appeal is not limited to the narrow point of correcting this obvious mistake.

[3] Defendant argues in his brief that the court found orally that the property was not contraband. A careful reading of the record, however, discloses that the court, in colloquy with counsel, merely commented that the property was not illegal or contraband, per se.

From a study of the entire record, the conclusion is inescapable that the trial court considered that, having determined that certain property had been illegally seized, and, therefore, having allowed the motion to suppress, nothing further remained to be decided in this regard and restoration of the property to defendant should follow automatically. This is clearly the gist of defendant's argument on appeal, and it refuses to acknowledge the possibility that illegally seized property, which is not contraband per se might, nevertheless, be shown to be contraband and, consequently, not subject to an ownership that the law will recognize.

The People, on the other hand, contend that:

the legality or illegality of the seizure has no bearing upon the question of contraband or the return of the property to defendant;

the allowance of defendant's motion to suppress property as evidence was, therefore, not determinative of defendant's right to its return;

a finding that the property seized is not per se contraband does not, without more, determine the non-contraband nature of the property, nor entitle defendant to its return;

a subsequent nolle [4] or even acquittal would not, in itself, justify return of the property to defendant; and

the People have a right to a hearing at which they could present evidence to establish that all

---

[4] It appears from the transcript of proceedings that the trial court stated orally that, after entry of the order of restoration, there should be a nolle entered at the request of the People. The clerk's record on appeal does not include a nolle, but even if it had been recorded subsequently, the order appealed from must be tested as of the date of its entry. At that time the case was still pending, and the jurisdiction problem arising in the case of People v. Kapande (Ill Supreme Court No 36270) after a judgment of "not guilty," did not exist here.

the property seized was contraband because of its being an integral part of illegal gambling operations.

We agree. The decision in People v. Moore, 410 Ill 241, 102 NE2d 146, is authority for the People's position on all points.

The order directing the return of property to defendant is reversed and the cause is remanded with directions to determine, in accordance with the views herein expressed, whether the property seized is contraband in nature and, as a consequence, subject to confiscation.

Reversed and remanded with directions.

MURPHY, P. J. and BURMAN, J., concur.