AMAL HAJAWII, Plaintiff-Appellant, *v.* VENTURE STORES, INC., *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 83—532

Opinion filed June 13, 1984.

William S. Keck, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Thomas J. Keevers, of Chicago (Thomas J. Keevers and Daniel N. Janich, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Amal Hajawii brought this action for malicious prosecution and false imprisonment against defendants Venture Stores, Inc., and James Bellair, after she was detained and criminally charged with retail theft. The trial court granted defendants' motion to dismiss both counts, finding that the disposition of the criminal case imposing three months' supervision on plaintiff was not a favorable termination and that plaintiff could not maintain her action. She appeals.

The facts as gleaned from the pleadings and answers to interrogatories are as follows. On January 3, 1981, plaintiff was a customer at a Venture store in Oak Lawn. Bellair, a security representative for Venture, observed plaintiff opening a package of screws and placing several in her pocket. He also saw her switching a bracket from a box priced at $4.99 to a box marked $3.49. Plaintiff was detained and defendants filed criminal charges against her.

The report of proceedings of the criminal proceedings reveals the following. On February 23, 1981, plaintiff and her attorney appeared and demanded trial. After a discussion between defense counsel and prosecutor, the prosecutor informed the court that plaintiff waived a jury and stipulated that Bellair, if called, would testify in accordance with the complaint on file. Plaintiff did not stipulate as to the truth of Bellair's testimony. In accordance with the prosecutor's recommendation, the court placed plaintiff on three months' court supervision. On May 21, 1981, the supervision was terminated and the criminal charges were dismissed. In July 1981, plaintiff brought this present

action.

■ On appeal, plaintiff contends an order of supervision and subsequent discharge was a favorable termination of the prior criminal proceeding and that the trial court erred in dismissing her claim for malicious prosecution. She also contends that a favorable termination of the prior criminal proceeding is not an element of a claim for false imprisonment and that the court erred in dismissing her second count. In this court, plaintiff has also attacked the sufficiency and form of defendants' motion to dismiss. Since this issue was not raised in the trial court, plaintiff has waived appellate review. *Schuman v. Pekin House Restaurant & Lounge* (1981), 102 Ill. App. 3d 532, 430 N.E.2d 145.

In order to prevail on a claim of malicious prosecution, plaintiff must allege and prove five elements: the commencement or continuation of criminal or civil proceedings by the defendant; the termination of the proceedings in favor of plaintiff; the absence of probable cause for such proceedings; the presence of malice; and damages resulting to the plaintiff. (*Joiner v. Benton Community Bank* (1980), 82 Ill. 2d 40, 411 N.E.2d 229.) An action for malicious prosecution will not lie if the prior criminal proceedings terminate "in a manner not indicative of plaintiff's innocence." (*Stanger v. Felix* (1981), 97 Ill. App. 3d 585, 588, 422 N.E.2d 1142.) Such actions are not favored in the law since public policy favors the exposure of crimes and encourages the cooperation of citizens in reporting them. *Schwartz v. Schwartz* (1937), 366 Ill. 247, 8 N.E.2d 668; *Stanger v. Felix* (1981), 97 Ill. App. 3d 585, 422 N.E.2d 1142.

In the present case, plaintiff was placed on supervision in the underlying criminal proceeding. Supervision was first incorporated by the legislature into the Unified Code of Corrections in 1976. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—6—1(c).) Where on a misdemeanor charge there has been a plea of guilty, a stipulation by the defendant to the facts supporting the charge, or a finding of guilt, the court may enter an order of supervision. Supervision is appropriate where the court finds the offender is not likely to commit further crimes, the defendant and the public would be best served if the defendant did not receive a criminal record and in the interest of justice supervision is more appropriate than a sentence otherwise provided under the Code. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—1(c).) Following the successful completion of the supervision, the defendant is discharged and judgment is entered dismissing the charges. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—3.1(f).) Such a discharge and dismissal is deemed without adjudication of guilt. Ill. Rev. Stat. 1981, ch. 38, par. 1005—

6—3.1(g).

In *Stanger v. Felix* (1981), 97 Ill. App. 3d 585, 422 N.E.2d 1142, this court held that supervision was not a termination favorable to plaintiff. We believe that the *Stanger* holding is dispositive here. Plaintiff urges that *Stanger* is inapposite because the court here did not make an express finding of guilt and because she did not stipulate as to the truth of Bellair's statements. Plaintiff also argues that supervision here was consistent with her innocence because she pleaded not guilty and agreed to supervision out of expediency. She further maintains that the supervision was not imposed in accordance with the statutory criteria.

We find that these distinctions are insignificant. Plaintiff did not appeal the order of supervision and may not collaterally attack the order in this proceeding. (See *People v. Floyd* (1973), 14 Ill. App. 3d 1009, 303 N.E.2d 826.) We must presume the order of supervision was validly entered in accordance with the statutory criteria.

As the *Stanger* court held, supervision is not indicative of plaintiff's innocence. In discussing supervision, the statute refers to offenders, imposing sentences and committing further crimes. Although plaintiff pleaded not guilty, the court's imposition of supervision clearly indicates that it did not agree. That plaintiff was motivated by financial expediency to waive a jury trial and proceed by stipulation or that her successful completion of supervision resulted in a dismissal of the theft charge does not affect our holding. Contrary to plaintiff's assertion, supervision was a mild form of disposition and it acts as a bar to a malicious prosecution claim. Likewise, plaintiff's contention that we must look to the dismissal at the end of the supervision period to determine whether the proceedings terminated in plaintiff's favor is without merit. Plaintiff is not entitled to recover damages for malicious prosecution because the court, in its discretion, imposed a mild disposition without the stigma of a criminal record.

We also hold that the trial court properly dismissed count II of plaintiff's complaint claiming false imprisonment.

False imprisonment is an unreasonable restraint of plaintiff's liberty against his will caused or procured by the defendant. (*Shelton v. Barry* (1946), 328 Ill. App. 497, 66 N.E.2d 697.) Plaintiff has the burden of proving that the restraint was unreasonable or without probable cause. (*Dutton v. Roo-Mac, Inc.* (1981), 100 Ill. App. 3d 116, 426 N.E.2d 604.) We believe the stipulation that Bellair would testify that he saw plaintiff knowingly alter a price tag followed by the court order of supervision results in the inescapable conclusion that probable cause existed for plaintiff's detainment.

26

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY and WHITE, JJ., concur.