Jerome **JERRICKS**, Plaintiff,

v.

William **BRESNAHAN**, # 20337, Patrick McDonald, # 29335 and James Riley, # 20250, Defendants.

No. 92 C 8452.

United States District Court, N.D. Illinois, Eastern Division.

March 14, 1993.

---

Jerome Jerricks, Menard, IL, pro se.

John F. McGuire, Mary Margaret Murray, City of Chicago, Law Dept., Corp. Counsel, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

On November 25, 1992, Plaintiff filed his original *pro se* complaint. At the time of plaintiff's filing, the instant lawsuit was assigned to Judge Holderman. Plaintiff's original complaint, brought under 42 U.S.C. § 1983 related to his arrest on August 18, 1992 for the aggravated criminal sexual assault of Ms. Diane Wooten. As a result of this assault, Ms. Wooten apparently jumped from a second floor window and suffered two broken arms. On September 8, 1992, a Cook County Grand Jury indicted the plaintiff.

Plaintiff's original complaint alleged three claims. Plaintiff alleged that he had been falsely arrested by defendants for the aggravated criminal sexual assault, that the defendants had conducted an unlawful search of his apartment and that defendant Riley lied to the Grand Jury which subsequently indicted the plaintiff. At the time plaintiff filed his original complaint the underlying criminal action was still pending in the Circuit Court of Cook County, Illinois. Thus, Judge Holderman stayed these civil proceedings pending the resolution of plaintiff's criminal case.

On August 5, 1993 a jury of the Circuit Court of Cook County, Illinois, found plaintiff guilty of aggravated criminal sexual assault. On September 7, 1993, Circuit Court of Cook County Judge William Hibbler sentenced plaintiff to fifty years imprisonment at the Illinois Department of Corrections.

On September 21, 1993, pursuant to a previous order entered by Judge Holderman, the defendants filed a motion for partial summary judgment on plaintiff's false arrest claim. On November 22, 1993, plaintiff filed a response but failed to serve defendants with a copy of this pleading. Thereafter, this Court allowed the plaintiff to file an amended complaint on August 15, 1994.[1]

Plaintiff's amended complaint contains essentially the same three allegations as his original complaint as well as the additional new claims of malicious prosecution and denial of counsel. Plaintiff brings his cause of action under 42 U.S.C. § 1983 for alleged violations of his rights under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution. Plaintiff claims that his arrest on August 18, 1992, and subsequent prosecution and conviction for aggravated criminal sexual assault were unlawful because defendants did not have a warrant for his arrest. Additionally, plaintiff claims that defendants denied him his right to counsel, that defendant Riley lied to the Grand Jury and that defendants conducted an unlawful search of his residence.

Before this Court is the defendants' supplemental motion for summary judgment which was filed on October 5, 1994. Defendants seek summary judgment on all of plaintiff's amended claims.

## LEGAL STANDARDS

Federal Rule 56(c) Summary Judgment is appropriate when there remains no genuine issue of material fact upon which a reasonable jury could find in favor of the non-moving party, or the moving party is entitled to judgment as a matter of law. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–27, 106 S.Ct. 2548, 2552–55, 91 L.Ed.2d 265 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the Court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file, to demonstrate through specific evidence, that there remains a genuine issue of material fact and show that a rational jury could return a verdict in the non-moving party's favor. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–27, 106 S.Ct. 2548, 2552–55, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 254–55, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Consequently, the inquiry on summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury, or whether the evidence is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2511–12. Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507–08 (7th Cir.1992). A metaphysical doubt will not suffice. *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1355–56. Nonetheless, the Court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2509–10; *Beraha v. Baxter Health Corp.,* 956 F.2d 1436, 1440 (7th Cir.

---

**1.** This case was reassigned from the calendar of Judge Holderman to this Court on May 13, 1994.

1992). If the evidence is merely colorable, or is not significantly probative, or is no more than a scintilla, summary judgment may be granted. *Id.* at 249–250, 106 S.Ct. at 2510–11.

## DISCUSSION

■ Plaintiff claims that his arrest by defendants was unlawful because they did not possess a warrant for his arrest. There is no question that police officers who have probable cause to believe that an individual committed a crime can arrest an individual without a warrant. If probable cause exists for an arrest, that probable cause serves as an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution. *Schertz v. Waupaca County, et al.,* 875 F.2d 578, 582 (7th Cir. 1989). In this case, plaintiff was arrested by defendants pursuant to both the oral and written statements of Ms. Diane Wooten. Ms. Wooten's complaint provided the probable cause for the defendant's arrest. These statements constituted reasonably trustworthy information sufficient to warrant a prudent person in believing that the plaintiff had committed the offense he was arrested for. *Sheik–Abdi v. McClellan,* 37 F.3d 1240, 1246 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 937, 130 L.Ed.2d 882 (1994); *Hughes v. Meyer,* 880 F.2d 967, 969 (7th Cir.1989), *cert. denied,* 495 U.S. 931, 110 S.Ct. 2172, 109 L.Ed.2d 501 (1990). Because probable cause existed for plaintiff's arrest, plaintiff is barred from bringing a Section 1983 claim against defendants for false arrest.[2]

■ Moreover, the fact that the plaintiff was convicted in the underlying criminal trial precludes his ability to bring a federal or state law claim for malicious prosecution. *Heck v. Humphrey,* —— U.S. ——, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck,* the Supreme court changed the law governing prisoners' civil rights cases and required that a prisoner who charges that his conviction was procured by unconstitutional conduct es-

tablish as a threshold matter that his conviction has been invalidated, either on direct appeal, in a habeas corpus proceeding, or otherwise. *See Bell v. Peters,* 33 F.3d 18, 29 (7th Cir.1994). *See also Hajawii v. Venture Stores, Inc.,* 125 Ill.App.3d 22, 80 Ill.Dec. 461, 465 N.E.2d 573 (1st Dist.1984); *Joiner v. Benton Community Bank,* 82 Ill.2d 40, 44 Ill.Dec. 260, 263, 411 N.E.2d 229, 232 (1980). This aspect of the favorable termination requirement reflects the "principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck,* —— U.S. at ——, 114 S.Ct. at 2372.

■ Plaintiff's amended complaint purports to add a claim against defendants for the denial of plaintiff's sixth amendment right to counsel. Plaintiff alleges that following his arrest on August 18, 1992, he "...was takeing[sic] to a interviewing room and handcuffed to a wall, petitioner ask for a telephone call for representation of counsel and was refuse by police officer ..." (Plaintiff's Amended Complaint, p. 4B attached Exhibit B).

The United States Supreme Court has repeatedly held that the sixth amendment right to counsel attaches only after the initiation of formal charges. *See Moran v. Burbine,* 475 U.S. 412, 431, 106 S.Ct. 1135, 1146, 89 L.Ed.2d 410 (1986) (citing *Kirby v. Illinois,* 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972) and *United States v. Gouveia,* 467 U.S. 180, 187, 104 S.Ct. 2292, 2296–97, 81 L.Ed.2d 146 (1984) for said proposition.) In *United States v. Craig,* 573 F.2d 455, 475 (7th Cir.1977) *cert. denied,* 439 U.S. 820, 99 S.Ct. 82, 58 L.Ed.2d 110 (1978), the Seventh Circuit adhered to *Kirby* and held that the sixth amendment right to counsel attaches once an adversarial judicial proceeding has commenced against a defendant. The court found that the right to counsel attached only to those "critical stages of the government's prosecution." *Id.* at 475 n. 14; *see also United States v. Jackson,* 886 F.2d 838, 843 (7th Cir.1989) (finding that the sixth

---

**2.** Furthermore, the existence of probable cause itself also acts as a complete defense to an action for malicious prosecution under Illinois law. *Ely v. National Supermarkets, Inc.,* 114 Ill.2d 544, 108 Ill.Dec. 416, 508 N.E.2d 727 (4th Dist.

1987). Moreover, under Illinois law the fact that the plaintiff was indicted by a grand jury is *prima facie* evidence of probable cause. *Friedes v. Sani–Mode Mfg. Co.,* 33 Ill.2d 291, 211 N.E.2d 286 (Ill.App.1964).

amendment right to counsel is triggered by initiation of adversarial proceedings but applies only to critical stages of proceedings; *United States ex rel. Sanders v. Rowe*, 460 F.Supp. 1128, 1138 (1978), adversarial proceedings are initiated against a defendant "whether by way of formal charges, preliminary hearing, indictment, information or arraignment."

Plaintiff fails to show that his sixth amendment right to counsel was violated, or for that matter, even triggered by defendants' conduct. Plaintiff fails to allege that any adversarial judicial proceeding had been commenced against him either by way of a formal charge, preliminary hearing, indictment information or arraignment at the time when he claims his sixth amendment right to counsel was violated. At best, plaintiff's purported claim of a sixth amendment violation alleges a pre-indictment station house detention which does not trigger a suspect's sixth amendment right to counsel. Because, as a matter of law, plaintiff cannot state a claim for violation of his sixth amendment right to counsel, defendants are granted summary judgment against plaintiff on this claim.

■ Plaintiff also alleges that defendant James Riley lied to the grand jury which subsequently indicted plaintiff for criminal sexual assault. According to plaintiff, defendant Riley allegedly lied to the Grand Jury. Change location to the "Grand Jury." (Plaintiff's Complaint, p. 6B attached hereto as Exhibit C.) Plaintiff's allegations seem to indicate that defendant Riley allegedly lied to the grand jury by leading them to believe that he had not signed the criminal complaint and that defendant Riley changed the location of the sexual assault during the course of his testimony before the grand jury.

In *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), the United States Supreme Court held that a witness at trial is absolutely immune from suit under section 1983 for giving false testimony which damages a subject of that testimony. Fol-

lowing *Briscoe*, the Seventh Circuit extended its absolute immunity to grand jury witnesses. *Kincaid v. Eberle*, 712 F.2d 1023 (7th Cir.1983) (per curiam), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 551, 78 L.Ed.2d 725 (1983); *see also,. Juriss v. McGowan*, 957 F.2d 345, 348 (7th Cir.1992) (holding that grand jury witnesses are absolutely immune from section 1983 suits because such liability might undermine said witnesses' contribution to the judicial process.) Plaintiff's allegations of grand jury perjury therefore fail to state a claim against defendant Riley under section 1983.[3] Therefore, defendants Bresnahan and McDonald should be granted summary judgment against plaintiff on this claim.

■ Finally, plaintiff's complaint alleges that defendants conducted an unlawful search of plaintiff's residence in that they went to plaintiff's apartment and took "intangible evidence" in the form of photographs. Plaintiff specifically alleges that defendants Riley, Bresnahan and McDonald,

> "following petitioner [sic] unconstitutional arrest Aug–18–1992, proceeded to petitioner apt. 4—5018 So. Michigan without a warrant or petitioner [sic] permission and fraudulent [sic] procure [sic] Bruce Wright Building Manager that police officer have a warrant to enter petitioner apt. 4—5018 So. Michigan, police officers enter petitioner apt. 4—5018 So. Michigan and taken photographs of window screen on porch and broken window, search petitioner apt. and taken photographs on the outside, in the seizure of intangible visible images as evidence: photographs."

(Plaintiff's Amended Complaint, p. 5). Although this case has been pending for over two years, the only concrete evidence that plaintiff relies upon to establish this allegation is his own conclusory affidavit which he has attached to his *pro se* opposition to defendants' supplemental motion for summary judgment.[4] This affidavit, which is dated

---

**3.** Plaintiff's allegations of perjury are directed solely to defendant Riley and make no reference to defendants Bresnahan or McDonald.

**4.** In seeking summary judgment on plaintiff's final claim, the defendants fail to address the

merits of this claim. Rather than attaching a copy of the relevant transcript pages of plaintiff's criminal trial or, alternatively, filing affidavits by the defendant officers, the defendants assert that plaintiff's pleadings are insufficient to raise a

November 16, 1994, states that during his criminal trial, plaintiff who acted as his own attorney, cross-examined

> "witness Bruce Wright Manager, 5018 So. Michigan relating to plaintiff apt. 4, 5018 So. Michigan. Bruce Wright swore under oath so help God police officers said they have a warrant to enter apt. 4, 5018 So. Michigan. Plaintiff seen window screen and broken window photographs taken by police officers in unreasonable seizure at this trial, police cause four [sic] amend [sic] deprivation misconduct."

Plaintiff's illegal search claim raises a novel issue which was anticipated in footnote 7 of Justice Scalia's majority opinion in *Heck v. Humphrey,* —— U.S. ——, —— n. 7, 114 S.Ct. 2364, 2372 n. 7, 129 L.Ed.2d 383 (1994). There, Justice Scalia held:

> "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed."

—— U.S. at ——, 114 S.Ct. at 2372.

Thereafter footnote seven, which expressly follows, states:

> "For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, see *Murray v. United States,* 487 U.S. 533, 539, 108 S.Ct. 2529, 2534, 101 L.Ed.2d 472 (1988), and especially harmless error, see *Arizona v.*

*Fulminante,* 499 U.S. 279, 307–308, 111 S.Ct. 1246, 1263–64, 113 L.Ed.2d 302 (1991), such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury. See *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 308, 106 S.Ct. 2537, 2543, 91 L.Ed.2d 249 (1986), which, we hold today, does *not* encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)."

In this case, the plaintiff has utterly failed to present any evidence which would give this Court or any trier of fact any basis upon which to award damages under Section 1983. The Supreme Court has made it clear in *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986) that damages based on the "abstract" value or "importance" of constitutional rights are not a permissible element of compensatory damages in Section 1983 cases. The only damages which the plaintiff can claim as a result of the alleged illegal search are directly related to his underlying criminal conviction. These damages are expressly barred by the Supreme Court's decision in *Heck v. Humphrey.* Therefore, the plaintiff has failed to demonstrate through specific evidence that there remains a genuine issue of material fact on which a rational jury could return a verdict in his favor. See *Celotex Corp.,* 477 U.S. at 322–27, 106 S.Ct. at 2552–55 (1986). Rather than keep this lawsuit alive and create false hopes and expectations for the plaintiff, this Court believes that the state of the present record in this case more than amply justifies the entry of summary judgment for the defendants.

### CONCLUSION

For the above stated reasons, this Court hereby enters summary judgment for the

---

genuine issue of material fact as to defendant Bresnahan and McDonald's participation in an unlawful search of plaintiff's residence. While defendants' arguments that a party cannot create a genuine issue of material fact simply by sub-

mission of an affidavit containing conclusory allegations are generally well taken, this Court must at the same time be mindful and sensitive to plaintiff's *pro se* status.

defendants on all of plaintiff's claims. This order constitutes a final order for purposes of Fed.R.Civ.P. 58.