Edward BONTKOWSKI,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 92–3341.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 21, 1994.

Decided June 23, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied July 19, 1994.

William J. Stevens, Chicago, IL (argued), for plaintiff-appellant.

Jonathan Haile, Office of U.S. Atty., Civ. Div., Chicago, IL (argued), for defendant-appellee.

Before MANION, KANNE, and ROVNER, Circuit Judges.

KANNE, Circuit Judge.

In 1984 Edward Bontkowski pleaded guilty to two counts of bank fraud and two counts of a multi-count drug indictment. We have set out the facts in this underlying case in *Bontkowski v. United States,* 850 F.2d 306 (7th Cir.1988). He was sentenced to four years for the bank fraud and four years for the drug charges, to be served concurrently, followed by five years of probation and a special parole term of three years.

Bontkowski filed habeas petitions in both cases, and the petitions were dismissed by the district court. On appeal, we affirmed the dismissal of the petition based on the drug charge conviction, and we remanded the petition arising from the bank fraud. *Bontkowski v. United States,* 850 F.2d 306 (7th Cir.1988).

We found in this earlier case that the related case of *United States v. Bruun,* 809 F.2d 397 (7th Cir.1987), had "for the first time set out the requirements for finding a defendant guilty of aiding and abetting in the misapplication of bank funds involving stolen collateral." *Id.* at 314. We remanded the earlier *Bontkowski* case to the district court to determine whether or not Bontkowski had

waived his right to retroactively apply the *Bruun* case and challenge the factual sufficiency of the charge against him.

On remand the government did not oppose Bontkowski's petition to vacate the bank fraud conviction, and the district court vacated it in December 1988.

In December 1990 Bontkowski delivered an administrative federal torts claim to the Federal Bureau of Prisons. He claimed that employees of the Department of Justice had "embarked on a course of oppressive acts" against him to convict him for acts which were not illegal, and he demanded damages of $750,000. The Bureau of Prisons denied the claim in February 1991, but mailed the denial to the wrong address. Bontkowski claims he did not receive notice of denial until August 1991.

On December 12, 1991 Bontkowski filed a complaint in the district court under the Federal Tort Claims Act, 28 U.S.C. § 2671, alleging injury at the hands of employees of the F.B.I., the U.S. Attorney's Office, and informants acting as "quasi-agents" of the Department of Justice.

The district court dismissed Bontkowski's complaint for malicious prosecution as time-barred. He now appeals that decision. We affirm on different grounds. *In re Scarlata*, 979 F.2d 521, 525, n. 5 (7th Cir.1992) (We may affirm a dismissal on any grounds consistent with the facts alleged.).

The Federal Tort Claims Act imposes liability upon the United States where a private person would be liable in accordance with the law of the place where the alleged acts or omissions occurred. 28 U.S.C. § 1346(b). Therefore we look to Illinois law to determine whether or not Bontkowski successfully stated a claim for malicious prosecution.

■ In Illinois one of the elements of malicious prosecution is absence of probable cause for the proceeding. "The existence of probable cause acts as a complete defense to an action for malicious prosecution...." *Ely v. National Supermarkets, Inc.*, 102 Ill.Dec. 498, 502, 500 N.E.2d 120, 149 Ill.App.3d 752, (1986), *appeal denied*, 108 Ill.Dec. 416, 508 N.E.2d 727, 114 Ill.2d 544 (1987).

■ In this case, Bontkowski was indicted by a grand jury. In Illinois this is prima facie evidence of probable cause. *Freides v. Sani–Mode Mfg. Co.*, 33 Ill.2d 291, 296, 211 N.E.2d 286 (1964). Furthermore, he pled guilty to the charged offense. In Illinois, "[a]n action for malicious prosecution will not lie if the prior criminal proceedings terminated in any manner not indicative of Plaintiff's innocence." *Hajawii v. Venture Stores, Inc.*, 80 Ill.Dec. 461, 463, 465 N.E.2d 573, 575, 125 Ill.App.3d 22 (1984).

■ Bontkowski now claims that the proceeding terminated in a manner which was indicative of his innocence because the bank fraud count against him was vacated on remand. However the vacating of his conviction was not based on any defect in the facts on which his conviction was based. Rather, the government on remand chose not to contest his motion to vacate.

Bontkowski also now claims that he pled guilty "to conduct which in 1984 was not violative of any law of the United States." But he is wrong. The facts alleged against Bontkowski at the time of his guilty plea were sufficient for a conviction under the law as it was understood at that time, before it was clarified by the *Bruun* case. The colloquy between Bontkowski and the district court judge at the time of his guilty plea leaves no doubt that he pled guilty to violating the law as it was in 1984. *Bontkowski*, 850 F.2d at 309–10.

The case against Bontkowski, for purposes of determining whether or not there was malicious prosecution, terminated with his guilty plea. *United States v. Nunez*, 958 F.2d 196, 200 (7th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 168, 121 L.Ed.2d 115 (1992). A prosecution ending in a guilty plea does not end in a "manner not indicative of Plaintiff's innocence." Therefore Bontkowski's claim of malicious prosecution is defective under Illinois law.

Finally, as a matter of common sense, by pleading guilty Bontkowski forfeited his chance to dispute the existence of probable cause for his prosecution. *United States v. Brown*, 870 F.2d 1354, 1360 (7th Cir.1989). Bontkowski may not on one day admit that

he did the things he is charged with, and then on a later date claim that it was malicious to charge him with doing the things he admitted he did.

AFFIRMED.