46 F.3d 1133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joann JONES, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,
William Moorehead, and C. Berkley and Associates,
Defendants-Appellees.
 No. 93-2101.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 21, 1994.*
Decided Dec. 22, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Joann Jones brought suit against the United States Department of Housing and Urban Development (HUD), William Moorehead, and C. Berkley and Associates requesting relief under the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2671 et seq.,[1] the Fifth Amendment, and the Fourteenth Amendment. According to Jones' complaint, there was an attempt to burglarize her apartment[2] on July 5, 1991, resulting in damage to the locks on the door to her apartment. The locks were not repaired, and on November 26, 1991, her apartment was burglarized, resulting in a loss of property valued at $6,389.12. Jones alleges that the defendants breached their contractual, common law, and constitutional duty to keep her apartment in proper repair. The district court dismissed Jones' suit for failure to state a claim and failure to exhaust administrative remedies. We affirm.
 
 I. Jurisdiction
 
 2
 The district court dismissed Moorehead from the case on April 2, 1993 and dismissed HUD on April 28. On May 6, Jones filed a notice of appeal. On May 7, C. Berkley and Associates filed a motion to dismiss the claim against it, which the district court granted on the same day.
 
 
 3
 28 U.S.C. Sec. 1291 grants us authority to hear appeals from final judgments. An order dismissing some defendants and leaving others does not constitute a final, appealable order. Hardy v. Bankers Life & Casualty Co., 222 F.2d 827, 828 (7th Cir.1955); see also United States v. Hansen, 795 F.2d 35 (7th Cir.1986) (appeal premature when notice of appeal filed before counterclaims dismissed by district court). If a litigant wishes to appeal the dismissal of one defendant while claims are still pending against other defendants, he must obtain certification from the district court under Fed.R.Civ.P. 54(b). No such certification was obtained or even requested in this case.[3]
 
 
 4
 The facts of this case, however, convince us that we have jurisdiction to reach the merits of Jones' appeal. The language of the April 28 order implies that the district court intended it to be a final judgment disposing of the entire case. The last sentence of the order states that the "case is dismissed, and the status hearing scheduled for May 7, 1993 is stricken." The entry on the docket sheet states that the motion to dismiss "is granted terminating [the] case." These facts suggest that the district court believed the case to be over on April 28, making Jones' May 6 notice of appeal timely. In its brief, HUD admits that this was the likely intent of the April 28 order. The failure to enter an order explicitly dismissing Berkley and Associates appears to be an oversight that the district court corrected by its May 7 order. This oversight by the district court does not deprive us of jurisdiction. See Yockey v. Horn, 880 F.2d 945, 948 n. 4 (7th Cir.1989) (where district court inadvertently failed to dismiss count II of the complaint, notice of appeal that was technically premature related forward after district court entered order officially dismissing the remaining count).
 
 II. FTCA Claim
 
 5
 Jones seeks damages against HUD under the FTCA for its alleged breach of contractual and common law duties.[4] Jones, however, may not seek relief under the FTCA until she has exhausted her administrative remedies. 28 U.S.C. Sec. 2675(a). Jones filed suit against HUD on February 10, 1993. She filed an administrative claim with HUD on May 1993, which was denied on July 16. Under Sec. 2675(a), a plaintiff must receive a final disposition from the agency prior to filing suit in district court,[5] and we must strictly enforce this rule even against pro se plaintiffs. McNeil v. United States, 113 S.Ct. 1980 (1993) (suit by pro se litigant under FTCA dismissed for failure to exhaust administrative remedies even though administrative claim denied before any substantial progress was made in the litigation). Thus, the district court correctly dismissed Jones' FTCA claim for failure to exhaust administrative remedies.
 
 III. Fifth and Fourteenth Amendment Claims
 
 6
 The district court held that Jones' complaint failed to state a claim under the Fifth or Fourteenth Amendments.[6] Jones does not specify which clause of the Fifth or Fourteenth Amendments she wishes to invoke, but from the context of her complaint, she apparently wishes to make a substantive due process claim that she was wrongfully deprived of her property. Jones, however, has no substantive due process right to hold HUD liable for private violence against her property. See DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 195 (1989), 109 S.Ct. 998, 1003 (1989); Dawson v. Milwaukee Housing Authority, 930 F.2d 1283 (7th Cir.1991) (housing authority not liable under Fourteenth Amendment for shooting of resident by another resident).[7]
 
 
 7
 In addition, Jones has no substantive due process rights against Moorehead or Berkley. To state a claim under the Fifth or Fourteenth Amendments, Jones must allege government action. Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 485, 108 S.Ct. 1340, 1345 (1988) (state action requirement under Fourteenth Amendment); Behagen v. Amateur Basketball Association of the United States, 884 F.2d 524, 530 (10th Cir.1989) (Fifth Amendment protects only against government action), cert. denied, 495 U.S. 918, 110 S.Ct. 1947 (1990). The actions of private parties constitute state action only when the private parties "make use of state procedures with the overt, significant assistance of state officials." Tulsa, 485 U.S. at 486. Jones does not allege that either Moorehead or Berkley acted with "the significant assistance of state officials." Thus, the district court properly dismissed her Fifth and Fourteenth Amendment claims.
 
 IV. First Amendment Claim
 
 8
 Finally, Jones argues that the district court's decision to dismiss her case against HUD violated her First Amendment right to petition the government for redress of grievances. While the petition clause may protect Jones' right to file her lawsuit, see McDonald v. Smith, 472 U.S. 479, 484, 105 S.Ct. 2787, 2791 (1985),[8] the First Amendment does not guarantee her a favorable outcome. See Smith v. Arkansas State Highway Employees, Local 1315, 441 U.S. 463, 465, 99 S.Ct. 1826, 1828 (1979). Thus, the district court's dismissal of Jones' suit did not violate the petition clause.[9]
 
 V. Conclusion
 
 9
 In conclusion, the district court did not err in dismissing Jones' suit for failure to state a claim and failure to exhaust administrative remedies. Thus, the judgment of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 The district court had jurisdiction in this suit under 28 U.S.C. Sec. 1346(a)(2)
 
 
 [2]
 Jones resided in Section 8 housing
 
 
 [3]
 Certification need not be obtained before the notice of appeal is filed: in some circumstances, "premature appeals, followed by belated certification by the district court, are sufficient to invest this Court with appellate jurisdiction." Lac Courte Oreilles Bank of Lake Superior Chippewa Indians v. Wisconsin, 760 F.2d 177, 180 (7th Cir.1985)
 
 
 [4]
 Jones has no claim against Moorehead or Berkley under the FTCA, as it creates a remedy only against the United States. See 28 U.S.C. Sec. 1346(b); Bontkowski v. United States, 28 F.3d 36, 37 (7th Cir.1994) ("The Federal Tort Claims Act imposes liability upon the United States where a Private Person would be liable in accordance with the law of the place where the alleged acts or omissions occurred.")
 
 
 [5]
 The exhaustion requirement is also fulfilled if the agency does not dispose of the administrative claim within six months after it is filed. 28 U.S.C. Sec. 2675(a)
 
 
 [6]
 Any claim against HUD would be properly raised under the Fifth rather than the Fourteenth Amendment. The Fifth Amendment applies in suits against the federal government, while the Fourteenth Amendment applies in suits against state governments. Rutherford v. United States, 702 F.2d 580, 583 n. 4 (5th Cir.1983)
 
 
 [7]
 An exception to this rule exists if the state exercises its power in a way that makes a person unable to care for himself. The provision of subsidized public housing, however, does not amount to such an exercise. See Dawson, 930 F.2d at 1283-84
 
 
 [8]
 The petition clause, however, does not create a right to engage in "baseless litigation." McDonald, 472 U.S. at 484; see also Bill Johnson's Restaurants, Inc. v. National Labor Relations Board, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170 (1983)
 
 
 [9]
 Jones also claims that the district court abused its power by crossing out three entries from the docket sheet. This action merely signifies, however, that these three items in the district court docket were not designated as part of the record on appeal. Thus, the abuse of power claim is meritless